FRANK H. MILLER, for the defendant.


SIMEON GRANADE, plaintiff in error, vs. R. A. WOOD, defendant in error.

If the plaintiff in *certiorari* fail to give " to the opposite party in interest" the notice required by 3967th section of the Code, and fail to show that he was prevented from doing so by unavoidable cause, a motion to dismiss the *certiorari* in default of such notice, at any time anterior to final judgment, must prevail.

*Certiorari* in Richmond Superior Court. Decided by Judge Hook, at Chambers. June 1864.

Judge Gould, presiding in the City Court of Augusta, decided, in December 1863, a controversy between these parties, then depending before him on a writ of *habeas corpus.* The judgment being adverse to Granade, the relator, he sued out a writ of *certiorari* upon the same, returnable to the April term 1864, of Richmond Superior Court, alleging divers errors touching the substantial merits of his case. The *certiorari* was applied for later than twenty days after the

decision complained of, and no notice was given to the opposite party of its pendency, or of the time and place of hearing, as required by section 3967 of the code of Georgia; nor was any excuse rendered for the omission.

The cause was argued in the Superior Court, before Judge Hook, at April Term 1864; and the counsel for Wood, after the close of his argument on the merits, moved to dismiss the *certiorari*, upon the ground, among others, that the notice above referred to had not been given. The Judge reserved his opinion to be matured at. chambers, and in the June following, delivered his judgment in writing, affirming all the rulings of Judge Gould embraced in the *certiorari*, and also sustaining the motion made by counsel to dismiss the same for the omission to give notice.

This judgment, both as to the merits, and the motion to dismiss, was brought before the Supreme Court by Granade, and was fully argued here by the counsel for both parties; but, as the case was presented upon an incomplete record, this Court declined to enter into any of the points discussed, except that respecting the want of notice.

HILLIARD, for plaintiff in error.

FRANK H. MILLER, for defendant.

*By the Court.*—JENKINS, J. delivering the opinion.

The transcript of the record, and the original bill of exceptions in this case, were lost in the course of transmission from the county of Richmond, by mail, to the Clerk of this Court. By consent of counsel, an agreed copy of the latter was substituted for the lost original, and the cause allowed to be tried upon that alone. There were several exceptions taken, affecting the merits of the judgment reviewed on *certiorari* in the Court below, which this Court found it impossible to adjudicate satisfactorily, in the absence of the transcript of the record. There was, however, one ground

fully developed in the bill of exceptions, which must necessarily have controlled the judgment of this Court, whatever opinion may have been entertained upon a full and clear presentation of the other points.

Waiving all others, therefore, we place our judgment upon that one, which we proceed to state.

In the conclusion of his argument in the Court below, wherein the merits of the case were discussed, the counsel for the defendant in *certiorari*, who was also respondent in *habeas corpus*, moved to dismiss the *certiorari*, for the reason that no notice was given to the defendant, his agent or attorney, of the granting of the writ of *certiorari*, or of the time and place of hearing the same, as required by section 3967 of the code. There is no issue of fact here. It is admitted that no notice was given, but the counsel for the plaintiff in *certiorari* insisted in the Court below, and in this Court, that the motion came too late—that by appearing and arguing the case upon its merits, the defendant had waived the defect, and could not, at that stage of the proceedings, take advantage of it. The Court below sustained the motion to dismiss; and this is the judgment we are called upon to review.

That, in legal proceedings, there are certain irregularities which will be considered as waived, unless exception be taken to them before going to trial on the merits, is not denied. But in determining whether or not this rule applies to a particular case, reference must always be had to the law governing it. The 3967th section of the code is as follows: "The plaintiff in *certiorari* shall cause written notice to be given to the opposite party in interest, his agent, or attorney, of the sanction of the writ of *certiorari*, and also of the time and place of hearing, at least ten days before the sitting of the Court to which the same shall be returnable, and in default of such notice, (unless prevented by unavoidable cause,) *the certiorari shall be dismissed.*" This is the mandate of the law to the Court, and its terms are peremptory. There is no discretion left—no room for inquiry, whether

the conduct of the defendant was equivalent to a waiver of notice.    No cause whatever was assigned for the omission; and whenever, anterior to final judgment, in such a case, that omission is brought to the knowledge of the Court, and a motion made to dismiss the writ, no alternative remains to the Court, without violation of the law.    True, the discussion of the merits of the case was irregular, because useless, but that could not dispense with the peremptory mandate of the law—" *the certiorari shall be dismissed.*"

The judgment of the Court below is affirmed.