L. J. GLENN AND SON, plaintiffs in error, *vs.* WILLIAM
    SHEARER, defendant in error.

1. When it did not appear in the record that written notice of the sanc-
   tion of a *certiorari* had been given as required by the 3987th section
   of the Code :

*Held,* That the *certiorari* was properly dismissed.

2. There will be no reversal of a judgment, if it was right, upon any
   ground apparent from the record.   (R.)

3. It is a sufficient assignment of errors to recite the facts upon which

Glenn & Son *vs.* Shearer.

*certiorari* issued, then state that the Judge dismissed the *certiorari*, and assign that dismissal as error without more.   (R.   See end of report.)

*Certiorari.*   Practice in Supreme Court.   Before Judge HOPKINS.   Fulton Superior Court.   October Term, 1870.

At October Term, 1867, of the Justices Court of the 1026 District, Georgia Militia, L. J. Glenn & Son obtained a judgment against Charles Shearer.   In February, 1869, they garnisheed Wm. Shearer on said judgment.   He answered that he owed Charles Shearer nothing, etc., and his answer was traversed.   This issue came on for trial before B. D. Smith, Notary Public and *ex officio* Justice of the Peace for the same district, who had issued the garnishment.   He dismissed it upon the ground that he had no jurisdiction over it, inasmuch as the judgment .was not obtained before him.   L. J. Glenn & Son sued out a *certiorari*, but gave no notice of its sanction to the other party.   " After argument had, the Court dismissed the *certiorari* and gave judgment for defendant for costs of suit; to which action, decision and judgment of the Court plaintiff excepts and assigns the same as error."

The bill of exceptions specified no error except as aforesaid.   When it was called here a motion was made to dismiss it because it did not sufficiently specify the error complained of.   The motion was overruled.

SIDNEY DELL, for plaintiffs in error.   The Justice's Court and the Notary Public's Court is the same Court: Constitution of 1868, Article V., 51, section 6 ; Article XI., section 8.   If not so jurisdiction is concurrent : Constitution 1868, Article XI., section 8.

HENRY JACKSON & BROTHER, for defendant.

WARNER, Judge.

This was a *certiorari* from a Justice's Court, and on the hearing thereof in the Superior Court the *certiorari* was dismissed, but on what special ground the Court dismissed it does not appear. On looking into the record it appears that the *certiorari* was sanctioned by the presiding Judge on the 5th day of March, 1869. There is no evidence in the record of any written notice having been given of the sanction of the writ of *certiorari* as required by the 3987th section of the Code, and therefore the *certiorari* was properly dismissed by the Court below on that ground. In *Turner vs. Collins,* 8th Georgia Reports, 252, this Court held, that it was the uniform determination of the Court not to look out of the papers to inquire into any fact, but whatever fact there appears will be taken to be true, and if it does not appear *in writing,* it does not exist. The certificate of the Judge to the bill of exceptions is the writ of error to bring up a case from the Superior Court to this Court, and the ten days' notice of the signing and certifying the same has always been required to appear on the record. The sanction of the *certiorari* by the presiding Judge is the writ of error which brings up the case from the Justice's Court to the Superior Court, and the *written notice* of such sanction should appear on the record, otherwise, it will be presumed not to have been given.

Judgment affirmed.