NANCY WODDAIL, administratrix, plaintiff in error, *vs.* AUSTIN & HOLLIDAY, defendants in error.

1. When the evidence is conflicting, and there is sufficient evidence to support the verdict, and no error in the charge of the Court which might probably have produced a different result, this Court will not

Woddail *vs.* Holliday.

interfere with the discretion of the Court below in refusing to grant a new trial on the ground that the verdict is contrary to the evidence.

2. It is not a ground for non-suit that plaintiff has been adjudged a bankrupt since the suit was begun. (R.)

3. If plaintiff is adjudged a bankrupt after suit brought, the Court may direct the jury if they find for plaintiff, to find that he recover for the use of his assignee in bankruptcy. (R.)

4. If irrelevant evidence be introduced without objection, the Court may not charge the jury to disregard it. The party wishing to have it disregarded should move to rule out such evidence. (R.)

5. If the evidence is confined to an agreed price for goods sold, it is not error in the Court to confine the jury to the agreed price as the measure of damages. (R.)

Bankruptcy. Practice. Charge of the Court. Before Judge Hopkins. Fulton Superior Court. October Term, 1870.

Austin and Holliday sued Mrs. Woddail for " one kiln of brick, one hundred and sixty thousand, at $6 00 per thousand, $960 00." She pleaded the general issue and payment in full.

Powell testified that he sold the brick to defendant at $6 00 per thousand, at kiln-count. Holliday testified that there were one hundred and sixty thousand bricks, and that he and Austin had each been discharged as bankrupts since this suit was brought. Crussell testified that, by kiln-count, there were one hundred and sixty thousand bricks in the kiln, and that kiln-count sometimes goes over and sometimes under actual count. Mann testified that he delivered the whole kiln, and that defendant was anxious to know if the brick would " hold out;" but Mann never counted them. Another witness testified that she asked him if they would " hold out," saying she had bought them at kiln-count. It was admitted that defendant had paid plaintiff $600 00 for bricks, and that ......... were assignees in bankruptcy of said plaintiffs.

Plaintiffs closed. Defendant's counsel moved for a non-suit, because said plaintiffs had been discharged as bank-

rupts. The Court overruled the motion, saying if there was a verdict against defendant, it should be so framed as to protect the assignees.

For the defendant, her daughter testified that Powell agreed to have one hundred and sixty thousand bricks delivered, at $6 00 per thousand, and another daughter and defendant testified to the same. And these two testified that but from ninety-eight thousand to one-hundred thousand bricks were delivered, and defendant denied the remarks attributed to her by plaintiff's witnesses. Defendant's son testified that the contract was for one hundred and sixty thousand, at $6 00 per thousand, by actual count, and that but ninety-eight thousand were delivered; and he added, without objection, that he sold all of them at $9 00 per thousand.

The Court charged the jury, among other things not material : " If plaintiffs sold, and agreed to deliver to the defendant, a kiln of bricks, to be taken at kiln-count, and at a specific price per thousand, then plaintiff would be entitled to recover, if the bricks were delivered, whatever the kiln amounted to, at kiln-count, at the contract price. If plaintiffs sold, and agreed to deliver to defendant, bricks at an agreed price per thousand, and if, on that contract, they delivered bricks, you will find for plaintiffs the value of the bricks so delivered at that contract price.

If you find for the plaintiffs, you will provide in the verdict that the collection shall proceed for the benefit of the assignees in bankruptcy of plaintiffs. Let it be in this form, substantially : " We, the jury, find for the plaintiffs $......, principal debt, $......, interest thereon to this date ; the collection to proceed for the benefit of the assignees in bankruptcy of the plaintiffs."

After the conclusion of the charge, defendant's counsel, orally, requested the Court to charge the jury, " that the fact that defendant had sold the brick at a higher price than she had paid for them, could not influence them in finding a ver-

dict." He declined so to charge, saying the charge, as given, precluded the jury from taking such a view of the case. The jury found, in the form given, for plaintiffs, for $360 00, principal, $106 05 interest, and costs of suit.

Defendant's counsel moved for a new trial, upon the grounds that the Court erred in refusing to non-suit plaintiff; in refusing to charge as orally requested; in the form of verdict furnished to the jury; and because the verdict is contrary to law, being in favor of assignees who were not parties; and because it is contrary to the evidence, etc. The new trial was refused, and error is assigned on each of said grounds.

L. J. GARTRELL; HENRY JACKSON, for plaintiff in error. The charge should have been given, though orally requested: 35 Ga. R., 241; 20th, 528; 17th, 206, 446; 15th, 192. Request to be in writing was by Act of 1854. The verdict is uncertain, and cannot be executed: 27 Ga. R., 470; 40th, 153.

TIDWELL & FEARS; M. ARNOLD, for defendants.

WARNER, Judge.

This was an action brought by the plaintiffs against the defendant on a contract for the purchase of a kiln of brick, and on the trial the main question at issue between the parties, was whether the bricks were sold by the plaintiffs to the defendant at $6 00 per thousand, at kiln-count, or at that price per thousand as the same were delivered to the defendant. On this point in the case the evidence was contradictory and conflicting. The jury found a verdict for the plaintiffs. It also appears in the record that after the commencement of the suit, the plaintiffs had been declared bankrupts. A motion was made for a new trial on the ground that the Court erred in saying to the jury that if they found for the plaintiffs, they should find their verdict in the name of the

plaintiffs, for the use of their assignee in bankruptcy, and suggested to them the form of their verdict. We find no error in the ruling of the Court on this point in the case. The verdict and judgment will be a sufficient protection to the defendant, and it was not a matter of concern to her who got the money, if she owed it. Besides, it does not affirmatively appear that her legal rights were in any manner injured on the trial by this ruling of the Court as to the form of the verdict. It appears in the record that evidence was admitted on the trial without objection, that the defendant had sold the bricks at a higher price than she had paid for them. After the conclusion of the charge of the Court to the jury, the defendant's counsel *orally* requested the Court to charge them, that the sale of the bricks at a higher price than the defendant paid for them could not influence them in finding a verdict, which request the Court refused.

It is not by any means certain that it would have been proper for the Court to have expressed an opinion in regard to the evidence admitted before the jury, without objection, that it could not influence their verdict. If the defendant had desired to have got rid of that evidence before the jury, the proper manner to have done so, would have been to have moved the Court to rule it out when it was given in, and not to have admitted it without objection, and then to request the Court to charge the jury that they could not consider that evidence; for if the charge had been given as requested, and the jury had found a verdict for the defendant, the plaintiffs might have complained that the Court had invaded the province of the jury, by instructing them that they were not to consider the evidence which was before them without objection. The Court was bound to consider the rights of the plaintiffs, as well as those of the defendant, in charging the jury in relation to the evidence before them. But the charge of the Court as given to the jury, excluded from their consideration any other price for the bricks than *the contract price.* The Court charged the jury, that "if it should ap-

pear to you from the testimony, that the plaintiffs sold and agreed to deliver to the defendant a kiln of brick, to be taken at kiln-count, and at a specified price per thousand, then plaintiffs would be entitled to recover, if the bricks were delivered, whatever the kiln amounted to at kiln-count, *at the contract price.* If the testimony should satisfy you that plaintiffs sold and agreed to deliver to defendant brick at an agreed price per thousand, and that, on that contract, they delivered brick, then you will find for the plaintiffs the value of the brick so delivered *at that contract price.*

We find no error in this record which will authorize this Court to interfere with the discretion of the Court below in overruling the motion for a new trial in this case.

Judgment affirmed.