McAlister vs. The State of Georgia.

Where the solicitor-general, at the hearing of a *certiorari*, admitted in open court that he had been served with written notice of the sanction of the *certiorari*; and of the time and place of hearing, about one month before the term of the court to which the writ was returnable, it was error to dismiss the *certiorari*, on motion of counsel associated with the solicitor, because there was nothing in the record to show that the notice had been served.

February 26, 1887.

*Certiorari.* Service. Record. Before Judge MERSHON. Appling Superior Court. March Term, 1886.

McAlister was convicted in the county court of Appling of larceny. He petitioned for a writ of *certiorari*. The case came on to be heard on March 11th. Counsel associated with the solicitor-general moved to dismiss the *certiorari* on the ground that it did not appear in the record that notice of the sanction of the *certiorari*, and of the time and place of hearing had been served upon counsel for the State. There appeared endorsed upon the petition an acknowledgment of due and legal service, dated February 11th, and signed by the solicitor-general. That officer stated to the court that he had been properly served with the written notice about one month before the term of court, and that he made the acknowledgment of service on the day the case came on for trial. Counsel for McAlister moved to amend the record by adding an affidavit showing service and notice to counsel for the State.

The court refused this, and dismissed the *certiorari*; and McAlister excepted.

E. D. GRAHAM, JR., by brief, for plaintiff in error.

J. I. CARTER, solicitor-general, by ALEXANDER & TURNBULL, for the State.

BLECKLEY, Chief Justice.

McAlister was convicted in the county court of a misdemeanor, and obtained a *certiorari*, which the superior court, on the hearing, dismissed, because there was no evidence in the record that notice in writing of the sanction, and of the time and place of hearing, had been served, as required by the 4059th section of the code.   We learn from the bill of exceptions that this was done in the face of an admission made by the solicitor-general in open court, that he had been served with written notice of these matters about a month before the sitting of the court to which the writ of *certiorari* was returnable.   It seems that the solicitor-general did not make any motion to dismiss, but that the motion was made by his associate counsel.

It has been several times decided that, for this court to be able to become judicially aware of the service of such a notice, the fact of service must appear in the record, meaning thereby that it must appear either in the bill of exceptions, or in the transcript of the record sent up and authenticated by the clerk.   Such was the meaning of the first case on the subject, that of *Granade vs. Wood*, 34 *Ga.* 120.   From some of the reasoning in *Glenn vs. Shearer*, 44 *Ga.* 16, it might seem that the superior court ought to have such evidence of the service of notice as this court must have of the service of a bill of exceptions, but this was suggested merely as argument, and was not at all necessary to an adjudication of the question before the court, there being in that case no service of the notice. The question there was as to the effect of the want of service, not as to the kind of evidence required to establish service.   There is neither statute nor rule of court which prescribes that there shall be any particular sort of evidence of the service of the written notice required to be served in cases of *certiorari*.   No doubt a return of the service by a proper officer, or affidavit of service by a private person, would be a very proper sort of evidence, but

the admission of the party, or his attorney, made in open court, would be just as good. We think the solicitor-general was competent to admit the fact on the part and behalf of the State. Such an admission would suffice as a basis for making an entry on the minutes of the court, if that were thought necessary, that service had been duly effected. It will not do to model proceedings in the superior court too closely upon proceedings in the Supreme Court. The latter court is confined to the record as already made elsewhere, but the superior court makes record; when record is needed, it manufactures the article if the proper materials are at hand. When counsel stands up before it and admits for his client a fact in favor of the adverse party, the court may very well treat it as true, and register any memorial of the admission that may be deemed necessary to perpetuate it as evidence.

Judgment reversed.