FRANKE v. MAY.

| 86 | 659 |
| 113 | 610 |
| 86 | 659 |
| 121 | 92 |

There is no authority of law for handing to opposing counsel original papers, such as petition for *certiorari*, sanction of the same and the writ of *certiorari*, the proper custodian of which is the clerk of the superior court, and afterwards treating such delivery of original papers as a substitute for the written notice required by statute of the sanction of the writ and of the time and place of hearing.

February 23, 1891. By two Justices.

*Certiorari.* Notice. Practice. Before Judge MILLER. Bibb superior court. April term, 1890.

The. *certiorari* was dismissed upon the ground that written notice of the sanction. of the writ and of the time and place of hearing had not been given to the defendant in *certiorari* or her attorney; and the exception is to this ruling, and further, that the judge below erred in refusing to order a new trial to be had in the court of ordinary, from which court the case was taken by *certiorari*, inasmuch as it appeared that the judge of that court, before whom the case was tried, had died before answering the writ of *certiorari* served upon him. It appeared that the case was tried at the November term, 1888, of the court of ordinary of Bibb county. On December 20, 1888, the petition for *certiorari* was sanctioned by the judge of the superior court, and on December 24, 1888, writ of *certiorari* was issued and served upon the judge of the court of ordinary, requiring him to answer to the term of the superior court to be held on the first Monday in May, 1889; that before the return term of the writ, on April 9, 1889, the ordinary had died without making answer; that before his death deponent gave to the attorney for the defendant in *certiorari* the original papers, showing in writing the sanction of the writ and the time and place of hearing, which papers were in the last named attorney's office at the death of the ordinary and on the day the su-

perior court convened, May 6, 1889; and that thus defendant in *certiorari* had ten days notice of the sanction of the writ and time and place of hearing; the return term of the superior court beginning on May 6, 1889, the case being sounded in order, from the docket of that court, on July 12, 1890.

S. A. REID, for plaintiff in error.

LANIER & ANDERSON, *contra*.

BLECKLEY, Chief Justice.

The requirement of the statute as to notice is, that " The plaintiff in *certiorari* shall cause written notice to be given to the opposite party in interest, his agent or attorney, of the sanction of the writ of *certiorari*, and also the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable cause) the *certiorari* shall be dismissed." Code, §4059. How this statute has generally been construed and administered may be seen by reference to the following cases, besides others. *Granade* v. *Wood*, 34 *Ga.* 120; *Glenn* v. *Shearer*, 44 *Ga.* 16; *Bryans* v. *Mabry*, 72 *Ga.* 208; *Southern Express Co.* v. *Wheeler. Id.* 210; *McAlister* v. *The State*, 77 *Ga.* 599. The general spirit of the cases is, that the mandate of the statute, " the *certiorari* shall be dismissed," is not to be disobeyed where there has been a failure to give the written notice required. A decision, not by a full court, in *Milam* v. *Sproull*, 36 *Ga.* 393, gives some countenance to a disregard of this imperative mandate upon the theory that the special facts of that case amounted to a substantial compliance with the statute. These special facts were: First, that while the superior court was in session, the judge from the bench informed the attorney for defendant in *certiorari* that a writ had been applied for, and the attorney objected to granting it because the exceptions signed by the inferior court

were not produced, saying that he was entitled to their production as matter of right. Thereupon the judge refused to sanction the writ until the exceptions were produced; they were produced, and the writ was granted during the term. Secondly, the application for and sanction of the writ was recited in a bill for injunction which was afterwards brought by the plaintiff against the defendant in *certiorari*, and this bill, it would seem, was served on the defendant. Putting these things together, the court held them sufficient notice and a substantial compliance with the requirements of the statute. We need not approve or disapprove this ruling, for no such facts appear in the present case. What is relied on here as a substitute for the statutory notice is, that after the sanction and issuing of the writ, all the original papers appertaining to the case were handed by the plaintiff's attorney to the defendant's attorney; that this was done more than ten days before the sitting of the court to which the writ was returnable, and that defendant's attorney had the custody of the papers for a long time afterwards. All this was in parol, and the delivery seems, from a memorandum made by the plaintiff's counsel on the same day, to have taken place " on street between Hunt's drug-store and First National Bank." If actual knowledge of the matter would suffice, and if parol evidence could be used to prove such knowledge, it is undoubtedly established; but the statute requires written notice, and doubtless it means what it says. The proper custodian of these papers was the clerk of the superior court. They were office papers, and there was no legal right to use them out of the office by passing them from hand to hand as a substitute for a written notice required by law to be given. It would be strange if a use of these papers which, tested by the general law applicable to office papers, was, to say the least of it,

irregular, could be deemed a compliance with so strict
and exacting a statute respecting notice as that which
we are considering. It could as easily be held that if a
sheriff delivers the original declaration and process to
the defendant, and leaves them in his possession until
the appearance term of the case, that would dispense
with service or a waiver of service. It can be seen that
at the bottom of this question is something that touches
public policy, as well as compliance with the terms
of a particular statute. It is not sound policy to allow
parties to withdraw from the proper custody the papers
of a court and employ them in functions appropriate to
private papers only.

The court committed no error in dismissing the *cer-
tiorari* at the hearing because the statutory notice had
not been given. For the lack of such notice, there was
no proper case pending in the court. *Toole* v. *Daven-
port*, 63 *Ga.* 160. The death of the ordinary before an-
swering the writ was not a relevant fact on the motion
to dismiss.                          *Judgment affirmed.*