HARDY *v.* MILLER.·

A certificate, not verified by oath but merely signed by one who, though an officer, was not authorized to serve legal process, does not, even where it recites as a fact the service of a written notice conforming to that required by the Civil Code, § 4644, in certiorari cases, afford proper evidence of such service ; and were it otherwise, such a certificate, if undated, would not show that the service was made in due time.

Submitted March 1, — Decided April 1, 1902.

Certiorari. Before Judge Falligant. Chatham superior court. January 11, 1901.

*Travis & Edwards,* for plaintiff.

LUMPKIN, P. J. Among other assignments of error in the bill of exceptions is one complaining that the court below erred in not dismissing the petition for certiorari. The ground of the motion to dismiss was that there was no proper evidence of service upon the defendant in certiorari of the notice prescribed by the Civil Code, § 4644. The plaintiff in certiorari, in order to meet this motion, submitted a document of which the following is a copy:

"Georgia, Chatham County. To H. C. Hardy Jr.: You are hereby notified of the sanction of a writ of certiorari in the case between you and myself, tried in the Justice Court of G. Noble Jones for the 2nd District G. M. of said county on the 19th Sept., 1900. Said writ will be heard at the court-house in said county at the next term of the Superior Court to be held on the first Monday in Dec., 1900. This 27th day of Oct., 1900. C. P. Miller.

"Have this day served a notice of which the above is a copy upon H. C. Hardy Jr., by handing it to him in person.

Jacob Uhlfelder, Notary Public C. C. Ga.

"Filed in office Dec. 15, 1900. J. L. Murphy, Dep. Clerk."

The trial judge held that this paper afforded sufficient evidence of the fact that the defendant in certiorari had received the notice to which he was under the statute entitled. We are constrained to hold otherwise. As will have been observed, the certificate re-

lied on did not purport to be a return of service signed by an officer charged with the duty of serving legal process. It was only a written statement, not sworn to, but merely signed by an official who, in undertaking to serve notice upon the defendant in certiorari, necessarily acted in no other capacity than that of a private individual. This document, therefore, can not properly be regarded as amounting to more than mere hearsay evidence. Furthermore, it did not affirmatively disclose upon what date the alleged service was perfected, the certificate of Jacob Uhlfelder not being dated nor showing it was made on the same day that the notice therein referred to was signed by Miller, the plaintiff in certiorari. Whether the alleged service was made within the time limited by law is left purely to conjecture; and this fact, in and of itself alone, constitutes an abundantly sufficient reason for holding that the plaintiff in certiorari failed entirely to show that he had complied with the imperative mandate of the statute that the notice therein provided for shall in every instance be given. That this statute means exactly what it says with regard to this requirement is evidenced by the fact that it in express terms declares that "in default of such notice (unless prevented by unavoidable cause) the certiorari shall be dismissed."

*Judgment reversed. All the Justices concurring, except Little and Lewis, JJ., absent.*