## SHEPPARD *v.* WALKER *et al.*, commissioners.

Written notice of the sanction of the writ of certiorari and of the time and place of hearing must be given to the opposite party in interest. Notice to the members of the court which rendered the judgment complained of will not suffice.

Submitted April 28, — Decided May 30, 1903.

Certiorari. Before Judge Mitchell. Berrien superior court. March 27, 1903.

*Hendricks & Harrison*, for plaintiff in error.
*William D. Buie*, contra.

Fish, J. Sheppard was convicted in a road commissioners' court composed of E. D. Walker, J. B. Williams, and W. B. Wilks, commissioners. He sued out a writ of certiorari. His petition for the writ alleged that the case was one wherein the county "through said commissioners were plaintiffs and your petitioner defendant, the same being an action by said road commissioners against your petitioner as a defaulter for refusing to work the road." The written notice of the sanction of the writ and the time and place of hearing was directed to E. D. Walker, J. B. Williams, and W. B. Wilks,

but Walker only was served with the same. All the commissioners answered the writ. When the certiorari came on to be heard, on motion of " counsel for the defendant in certiorari," the same was dismissed upon the ground that " a majority of the road commissioners' court had not been served " with the notice of the sanction of the writ and the time and place of the hearing. To this ruling Sheppard excepted. The Civil Code requires that the plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent or attorney, of the sanction of the writ of certiorari, etc. § 4644. The commissioners composed the court which tried and convicted Sheppard, and were in no sense the opposite party in interest. Service of the notice upon all of them would not have been a compliance with the statute. There was no service of the notice upon the opposite party in interest; and the court, therefore, properly dismissed the certiorari, though the ground of the motion to dismiss was not well taken. We are not called upon to decide who is the opposite party in interest in a case of this character; but if it be the State, the solicitor-general should be served with the notice, as the constitution makes it his duty to represent the State in all cases in the superior courts of his circuit. Civil Code, § 5862. If the road overseer is the opposite party in interest, he should be served with the notice.

*Judgment affirmed. By five Justices.*