## BRAMLITT *v.* KULMAN, executor.

The written notice of the sanction of the writ of certiorari provided for in the Civil Code, § 4644, must identify the case. Where the notice describes a case tried before a named magistrate in the justice's court of a certain district, it will not be held a notice of a case tried before an entirely different magistrate and in an entirely different court, notwithstanding there may be a coincidence between the names of the plaintiff and defendant.

Argued October 6, — Decided October 17, 1904.

· Certiorari.    Before Judge Cann.    Chatham superior court. April 9, 1904.

*William H. Boyd,* for plaintiff in error.
*Travis & Edwards,* contra.

EVANS, J.   A motion was made to dismiss the certiorari, because the defendant had not been served with the notice required by the Civil Code, § 4644.   The case which was the subject-matter of the certiorari was tried in the justice's court for the third district of Chatham county, before Charles V. Hohenstein, notary public and ex-officio justice of the peace.   The notice served upon the defendant was as follows :    " Georgia, Chatham County. To F. J. Kulman, executor of the estate of Salomon Cohen.   You are hereby notified of the sanction of a writ of certiorari in the case between you and myself tried in the justice's court of G. E. Bevans, notary public & ex-off. justice of the peace, 1st district G. M., Chatham county, Georgia, on the 13th day of November, 1903, the same being an illegality proceeding based upon the judgment obtained by you against me as garnishee in the case of F. J. Kulman, executor of estate of Salomon Cohen, vs. A. J. Peters, defendant, and A. J. Peters & Co., garnishee.   Said writ will be heard at the court-house in said county at the next term of the superior court of said county, to be held on the first Monday in March, 1904.   [Signed] J. F. Bramlitt ; Wm. H. Boyd, Atty."

It will appear from the notice that the case was alleged to have been tried before a different magistrate and in a different court from that in which the case was really tried.   The identity of the case must appear from the notice, and a notice that a case tried before one magistrate, in the justice's court of a certain district, is not notice of a case tried before an entirely different magistrate and in an entirely different court, notwithstanding there may have been a coincidence between the names of the plaintiffs and the defendants.   The general spirit of the decisions of this court, applying and construing Civil Code, § 4644, is that the mandate of the statute, " the certiorari shall be dismissed," is not to be disobeyed where there has been a failure to fully comply therewith.   *Franke* v. *May,* 86 *Ga.* 659.   Thus, in *Bunn* v. *Henderson,* 113 *Ga.* 609, the entry of the sheriff was that he had, on a certain day, served the defendant in certiorari with

written notice that the certiorari would be heard at the April term of the superior court; and the service was held insufficient, because it did not affirmatively appear from such entry that the certiorari had been sanctioned. And in *Snyder* v. *Vignaux*, 93 *Ga.* 217, a letter addressed to and served upon the defendant in certiorari, advising him that a certiorari had been granted, was held to be an insufficient compliance with the statute, because the time and place of hearing the certiorari were not stated. The defendant gets his information as to the case which has been taken to the superior court by certiorari from the notice which is served upon him. He has a right to rely on the case as described in the notice; and when the notice describes a case as tried in an altogether different forum and before an entirely different magistrate than was the case he is interested in, he has a right to presume that the case thus described is the one which is embraced in the application for certiorari. The court, therefore, correctly dismissed the certiorari because the defendant was not served with notice of the particular case.

*Judgment affirmed.    All the Justices concur.*