## JONES *v.* GILL.

</div>

1. After a bill of exceptions has been certified, the defendant in error can not have any additional evidence or other matter sent to this court, except such as is part of the record and of file in the office of the clerk.
2. Even if it is essential, where a case is taken by certiorari to the superior court, that the record should contain a return of service of notice of the certiorari, either made by an officer authorized to make service or verified by the affidavit of a private person, it is error, upon the hearing of the certiorari, to refuse to allow the plaintiff in certiorari who has made an unsworn return to amend the same by verifying it under oath.

<div align="center">

Submitted October 6, — Decided October 17, 1904.

</div>

Certiorari. Before Judge Cann. Chatham superior court, April 9, 1904.

*W. P. LaRoche*, for plaintiff in error.
*Travis & Edwards*, contra.

SIMMONS, C. J. 1. Before proceeding to a discussion of the merits of this case it will be necessary to notice certain matter which the defendant in error procured the judge of the superior .

court to have sent up after the bill of exceptions had been certified. This matter was no part of the record of the case, but consisted of statements as to what transpired on the hearing in the superior court. They were statements which might properly have been incorporated in the bill of exceptions, but which did not, and could not properly, become a part of the record of file in the clerk's office. The statements of fact were made in a petition presented to the trial judge after he had signed the bill of exceptions. He certified the truth of the petition and ordered the clerk to send a copy thereof to this court. We are clear that the matter thus sent up can not be considered in determining the questions raised by the bill of exceptions. Under the Civil Code, § 5536, a defendant in error may, by petition to the trial judge, have the clerk ordered to send up to this court any parts of the record not brought up by the plaintiff in error. That section, however, refers to additional parts of the record, which can be certified by the clerk, and does not include any evidence or other matter which does not constitute part of the record. " When it says that if the defendant in error ' shall desire more of the evidence or other parts of the record, or all of the evidence or all of the record, sent up,' it refers to evidence incorporated in a brief which has been approved by the judge and filed with the clerk, and thus made a part of the record." *Tumlin* v. *Bass Co.*, 93 *Ga.* 594. If a judge certifies a bill of exceptions which does not correctly set forth the evidence, and " there is no brief of evidence duly approved and filed, so that it can be transmitted to this court as record, we know of no remedy." *Planters etc. Asso.* v. *DeLoach*, 113 *Ga.* 802, 808. What is true in this regard of evidence not made a part of the record is also true of all other matters occurring in the trial of a case which have not in any way been made a part of the record. We must, therefore, consider the present case as it is made by the bill of exceptions and the record, and must entirely disregard the additional matter which the defendant in error has sought to bring up.

2. The present case, originating in a justice's court, was taken to the superior court by writ of certiorari. A good and sufficient notice of the sanction of the writ and of the time and place of hearing, prescribed by the Civil Code, § 4644, appeared of record in the case, followed by an entry, signed by the plaintiff in cer-

tiorari, that he had served the defendant in certiorari personally by leaving a copy of the notice with him on a named day.    Upon the hearing the defendant in certiorari moved the court to dismiss the petition, because there was "no proper evidence of service of the notice of sanction in the record, the plaintiff in certiorari, who is not authorized by law as an officer to serve legal process, merely certifying that the notice [had] been served, said certificate not being verified."    Thereupon the plaintiff in certiorari made an oral motion that he be permitted to amend his return of service, which appeared of record, by verifying the same under oath.    The court refused to allow the amendment, and sustained the motion to dismiss.    To both of these rulings the plaintiff in certiorari excepted.    We are aware of no authoritative ruling of this court that the superior court has no jurisdiction of a certiorari unless the fact of service *appear of record.*    "There is neither statute nor rule of court which prescribes that there shall be any particular sort of evidence of the service of the written notice required to be served in cases of certiorari.    No doubt a return of the service by a proper officer, or affidavit of service by a private person, would be a very proper sort of evidence, but the admission of the party, or his attorney, made in open court, would be just as good. . . .   It will not do to model proceedings in the superior court too closely upon proceedings in the Supreme Court.    The latter court is confined to the record as already made elsewhere, but the superior court makes record; when record is needed, it manufactures the article if the proper materials are at hand.    When counsel stands up before it and admits for his client a fact in favor of the adverse party, the court may very well treat it as true, and register any memorial of the admission that may be deemed necessary to perpetuate it as evidence." *McAlister* v. *State,* 77 *Ga.* 599.    In the present case the motion to dismiss the certiorari was not based on any want of service,—so far as appears, the defendant in certiorari did not deny having duly received proper notice,—but the judge was asked to dismiss the case because there was no evidence of service *in the record.*    Defendant in error relied upon *Hardy* v. *Miller,* 115 *Ga.* 107, but we think that case does not sustain his contentions.    There the ground of the motion to dismiss was that there was no proper evidence of service.    The record contained no evidence what-

ever that there had been any notice served, but the plaintiff in
certiorari, in order to meet the motion, submitted the unsworn
certificate of a justice of the peace that he had served the proper
notice.    When this paper was offered in evidence the trial judge
ruled that it was sufficient evidence of the service.    This court
held that "a certificate, not verified by oath but merely signed
by one who, though an officer, was not authorized to serve legal
process, does not, even where it recites as a fact the service of
a written notice conforming to that required by the Civil Code,
§ 4644, in certiorari cases, afford proper evidence of such service."
That decision does not rule that the evidence of service must
appear of record, but merely that there must be legal evidence of
such service, in order to show that the court has jurisdiction of
the case.    The plaintiff in certiorari may show this by a proper
entry or return of record, or by the admission in open court of
the opposite party or his counsel.    He may show it by an ac-
knowledgment of service by the opposite party.    We see no
reason why he can not show it by competent parol evidence.
The unsworn statement of a private person, or of an officer not
authorized to serve process, is not competent evidence for this
purpose.    Nothing more than this was ruled in *Hardy* v. *Miller,*
supra.

The question for the superior court is not whether the record
shows the fact of service, but whether, as matter of fact, proper
service has been made.    Even conceding, however, that the record
should show the fact of service, we think the court below erred
in refusing to allow the plaintiff in certiorari to amend his return
by verifying it under oath.    The law of this State is very liberal
in allowing amendments of returns of service of process.    The
notice of a certiorari is not a formal process of court, and should
certainly be subject to amendment as readily as the latter.    The
petition for certiorari can not be amended, because the judge of
the superior court has no jurisdiction to try any except the ques-
tions made in the petition as it stood when he sanctioned it.
The certiorari bond can not be amended, because a good and suffi-
cient bond is made a condition precedent to the issuing of the
writ, and if the bond is defective the writ is void and the court
without jurisdiction of the case.    The return of service of the
notice required by the code stands on an entirely different foot-

ing.　The notice is itself informal, and the return is merely to show the fact of service.　Without proper service the court can have no jurisdiction of the case.　When there has been proper service, the form of the return or entry is merely the evidence upon which the court acts.　If there has been proper service, the plaintiff in certiorari should be allowed to amend his return so as to properly show that fact.　The offer of the plaintiff in certiorari to verify his return was an effort to properly inform the court of the fact of service.　It was not the only way in which service could be proved, but it was one, and an acceptable, way. The court erred in refusing to allow the amendment.

*Judgment reversed.　All the Justices concur.* ·