48. DAVIS *v.* JOINER.

49. DURDEN *v.* MUTUAL FERTILIZER COMPANY.

HILL, C. J. 1. A bill of exceptions which recites that a motion to dismiss a certiorari was made upon various grounds, and that the motion to dismiss was sustained on all the said grounds (said grounds being specifically set out in the bill of exceptions), "to each and all of which rulings the plaintiff excepted, now excepts, and assigns the same as error," specifies "plainly the decision complained of, and the alleged error," and "specifically sets forth the errors alleged to have been committed," within the meaning of the Civil Code, §§ 5527, 5528.

2. Section 4639 of the Civil Code requires, among other things, that "before any writ of certiorari shall issue, the party applying for the same, his agent or attorney, . . shall . . produce a certificate from the officer whose decision or judgment is the subject-matter of complaint, that all costs which may have accrued on the trial below have been paid." Where such certificate was not made by the "officer whose decision or judgment is the subject-matter of complaint," but by the clerk of the court, this was not a compliance with the positive requirements of this section of the code, and a motion to dismiss the certiorari on this ground,

made in the superior court, was properly sustained.  *Fuller* v. *Arnold,* 64 *Ga.* 600 (3) ; *Osborn* v. *Osborn,* 70 *Ga.* 716; *Cole* v. *Thurman,* 119 *Ga.* 55; *Dixon* v. *State,* 121 *Ga.* 346; *Miller* v. *State,* 126 *Ga.* 558.  The statute on this point, being free from ambiguity, must be construed according to its plain terms.  *Nowell* v. *Haire,* 116 *Ga.* 388.  For the reasons stated in this headnote, the judgment dismissing the certiorari is affirmed in both cases.                          *Judgment affirmed.*

Certiorari, from Emanuel superior court—Judge Rawlings. May 14, 1906.

Argued January 16,—Decided January 29, 1907.

*Saffold & Larsen,* by *Z. D. Harrison,* for plaintiffs in error.

*Smith & Kirkland,* contra.