### 1156.   McCONNELL v. FOLSOM BROTHERS.

1. Notice to the opposite party of the sanction of a writ of certiorari, and of the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable, is indispensable, in the prosecution of a petition for certiorari; and failure to give such notice renders the entire proceeding void, and any judgment, except one of dismissal in accordance with the mandatory requirements of § 4644 of the Civil Code, is nugatory.

2. The notice required may be waived, but the waiver must be in writing; and either service of the notice or the written waiver must appear in the record.

Certiorari, from Berrien superior court—Judge Mitchell. March 26, 1908.

Submitted July 2,—Decided July 25, 1908.

*Buie & Knight,* for plaintiff in error.   *C. E. Parrish,* contra.

RUSSELL, J.   Folsom Brothers procured the sanction of a petition for certiorari, which was duly filed, and the costs were paid and bond was given.   The judge of the superior court sustained the certiorari and ordered a new trial.   The plaintiff in error excepts to this judgment, upon the ground, among others, that no notice of the sanction of the certiorari and of the time and place of hearing had been given, as required by law, or waived.   We do not deem it necessary to consider the other grounds of exception, or to determine whether the judgment sustaining the certiorari would have been correct if the case had been properly before the lower court for adjudication.   We are clear that the judgment sustaining the certiorari is erroneous.   There is no evidence in the record which even tends to show that the notice required by the Civil Code, §4644, was given, or that such notice was waived either by the defendant in certiorari or by his counsel.   The ten days' notice to the adverse party, which is provided by law, is absolutely essential to the existence of a certiorari; it is, in a sense, the process (the only process) which brings the defendant in certiorari into the court; so much so that, while it has been held that a certiorari is a suit, nevertheless it can not be renewed if once dismissed for lack of the statutory notice.   In *Glenn* v. *Shearer,* 44 *Ga.* 18, Judge Warner, comparing a certiorari to a writ of error, says:   "The certificate of the judge to the bill of exceptions is the writ of error to bring up a case from the superior court to this court, and the ten days' notice of the signing and certifying of the same has always been required to appear on the record.   The sanction of the certiorari by the presiding judge is the writ of error which brings up the case from the justice's court to the superior court, and the written notice of such sanction should appear on the record; otherwise it will be presumed not to have been given."   In *Franke* v. *May,* 86 *Ga.* 660 (12 S. E. 1068), Chief Justice Bleckley, after quoting the above-mentioned section, says:   "How this statute has generally been construed and administered may be seen by reference to the following cases, besides others.   *Granade* v. *Wood,* 34 *Ga.* 120; *Glenn* v. *Shearer,* 44 *Ga.* 16; *Bryans* v. *Mabry,* 72 *Ga.* 208; *Southern Express Co.* v. *Wheeler,* Id. 210; *McAlister* v. *State,* 77 *Ga.* 599 (3 S. E. 163).   The general spirit of the cases is, that the mandate of the statute,

'the certiorari shall be dismissed,' is not to be disobeyed where there has been a failure to give the written notice required." And he qualified the opinion by ruling (p. 662) that, "for the lack of such notice, there was no proper case pending in the court." In the decision he restricted the ruling in *Milam* v. *Sproull,* 36 *Ga.* 393 (in which the opinion was not rendered by a full court), to its special facts. In addition to the cases above cited, our ruling, that the judge should have dismissed the certiorari, for the reason that no service of the notice required by law or any waiver thereof appeared in the record, is sustained by the decisions in *Bonds* v. *Pierce,* 74 *Ga.* 837, *Mercer* v. *Davidson,* 80 *Ga.* 496 (6 S. E. 175), *Sheppard* v. *Walker,* 118 *Ga.* 47 (44 S. E. 801), *Hardy* v. *Miller,* 115 *Ga.* 108 (41 S. E. 255), *International Book Co.* v. *Fiel,* 125 *Ga.* 514 (54 S. E. 360).

In *Bramlitt* v. *Kulman,* 121 *Ga.* 92 (48 S. E. 713), Justice Evans, delivering the opinion, calls attention to the strictness of the observance which is required with reference to §4644, and cites instances of rulings showing the mandatory character of its provisions. He says: "The general spirit of the decisions of this court, applying and construing Civil Code, §4644, is that the mandate of the statute, 'the certiorari shall be dismissed,' is not to be disobeyed where there has been a failure to fully comply therewith. *Franke* v. *May,* supra. Thus, in *Bunn* v. *Henderson,* 113 *Ga.* 609 (39 S. E. 78), the entry of the sheriff was that he had, on a certain day, served the defendant in certiorari with written notice that the certiorari would be heard at the April term of the superior court; and the service was held insufficient, because it did not affirmatively appear from such entry that the certiorari had been sanctioned." In the *Bramlitt* case, supra, the notice was held insufficient, notwithstanding a coincidence between the names of the defendant and the plaintiff; because the name of the magistrate who tried the case was incorrectly stated in the notice, though the name of the magistrate need not have been stated at all. It is true, it was held in *Jones* v. *Gill,* 121 *Ga.* 96 (48 S. E. 688), following the ruling in *McAlister* v. *State,* supra, that the plaintiff in certiorari may amend his return of service of the notice by verifying it under oath; and in the *McAlister* case, supra, Judge Bleckley says: "The superior court makes record. When record is needed it manufactures the article if the proper

materials are at hand." This court is confined to records already made. But while we mark this distinction, it does not appear in the record in the present case that the defendant in error took any steps to have a memorial of the service registered in the superior court; and, therefore, the superior court was obliged to presume that there had been no notice served, and that the certiorari was a nullity.        *Judgment reversed.*