18041. McDANIEL *et al.,* executors, *v.* FARMERS & MERCHANTS BANK.

STEPHENS, J. 1. Notice of sanction and of the time and place of hearing of a petition for certiorari may be established otherwise than by an acknowledgment of service or other proof of notice appearing upon the petition itself. *McAlister* v. *State,* 77 *Ga.* 599 (3 S. E. 163); *Jones* v. *Gill,* 121 *Ga.* 93 (48 S. E. 688). Such notice may, upon the hearing of the certiorari, be established otherwise by proper proof, such as a written acknowledgment of service, signed by one of the attorneys for the defendant in certiorari, reciting that the written notice required under section 5190 of the Civil Code of 1910 has been made as required by law. The court therefore did not err in overruling the motion to dismiss the certiorari upon the ground that proof of notice of its sanction and of the time and place of hearing did not appear upon the petition.

2. Where one of two executors of a will who have qualified abandons the management of the estate and leaves it entirely to the coexecutor, the former is not by such abandonment estopped from asserting a mismanagement of the estate and a misappropriation of the funds thereof by the coexecutor. In a suit against a bank by an executor of an estate, to recover of the bank money belonging to the estate which had been placed upon deposit in the bank by the coexecutor, and which was represented by a certificate of deposit issued to the plaintiff and the coexecutor as executors of the estate, where the bank defended upon the ground that it held title to the certificate of deposit as security for an advancement made to the coexecutor, the court did not err in striking an amendment by the defendant which alleged that the plaintiff was, by reason of the abandonment of the management of the estate entirely to the coexecutor, estopped from asserting that the bank, when making the advancement to the coexecutor upon the security of the certificate, made him a personal loan with knowledge that the money was to be used, and was afterwards used by the coexecutor for his own use, and thus became a party to the conversion.

3. Where funds belonging to an estate have been deposited in a bank and a certificate of deposit therefor has been issued to the qualified executors as executors of the estate, and the certificate has been transferred by indorsement by these executors and delivery to another

---

Appeal and Error, 4 C. J. p. 905, n. 30.
Banks and Banking, 7 C. J. p. 645, n. 27 New.
Certiorari, 11 C. J. p. 192, n. 28 New.
Executors and Administrators, 24 C. J. p. 1185, n. 66 New; p. 1187, n. 5.
Pleadings, 31 Cyc. p. 619, n. 64.

person who has subsequently qualified as a coexecutor, the latter has authority as executor to control, for the benefit of the estate, the **funds** represented by the certificate of deposit, and may, in so doing, still have control over the funds after having deposited the certificate of deposit in another bank and taken therefor a second certificate of deposit from that bank, issued to him and one of the other executors, who at the time is his sole coexecutor. The executor making the deposit in the second bank is, notwithstanding that the certificate of deposit is issued in his name and in the name of the other executor jointly as executors of the estate, entitled to control the funds. This is particularly true where his coexecutor, although standing legally qualified as a coexecutor, has turned over to him and abandoned the entire management and control of the estate.

4. In a suit instituted by the sole surviving executor against the second bank, to recover from the bank, for and in behalf of the estate and as the property of the estate, the funds deposited with the bank and represented by the last certificate of deposit, a **recovery can be had** only upon the theory that, notwithstanding the defendant may have had knowledge that the funds represented by the certificate of deposit belonged to the estate, the defendant bank, with such knowledge, when advancing funds to the coexecutor upon the certificate and taking his individual note therefor, had or was charged with knowledge that the coexecutor intended to misappropriate such funds and apply them to his own use, and that the coexecutor afterwards did in fact misappropriate the funds, and that the bank, in making the advancements with such knowledge of intended misappropriation, participated with the coexecutor in such misappropriation. Carter *v.* Manufacturers' National Bank, 71 Me. 448 (36 Am. R. 338; Smith *v.* Ayer, 101 U. S. 320 (25 L. ed. 955) ; 11 Am. & Eng. Enc. L. 1032.

5. In the absence of other facts demanding such a conclusion, the bank would not necessarily and as a matter of law be charged with knowledge of an intended or actual misappropriation by the executor, merely by the fact of the making of the note under the circumstances indicated above and the depositing of the proceeds to the individual credit of the person making the note, where the proceeds were nevertheless paid to legatees of the estate on checks drawn upon such fund by him.

6. The verdict in favor of the plaintiff not being demanded, this the first grant of a new trial can not be disturbed.

         *Judgment affirmed. Broyles, C. J., and Jenkins, P. J., concur.*

           DECIDED MARCH 3, 1928.

Certiorari; from Grady superior court—Judge Custer. December 4, 1926.

Application for certiorari was made to the Supreme Court.

           STATEMENT OF FACTS BY STEPHENS, J.

Mrs. A. H. Willie, as sole executor of the will of W. A. Willie, instituted suit against the Farmers and Merchants Bank of Cairo, to recover $4,436.22 represented by a certificate of deposit issued in the names of the plaintiff and W. J. Willie as "executors,"

W. J. Willie, who died after it was issued, being a coexecutor. In addition the plaintiff sought a recovery of $972.79 deposited in the defendant bank, which it was alleged represented the proceeds of the sale of property belonging to the estate of W. A. Willie. The defendant in its plea as amended denied liability, alleging that it had title to the certificate of deposit by virtue of a pledge of it by W. J. Willie as security for certain advancements made to him by the defendant; and it also denied liability to the plaintiff for $972.79 on deposit. The defendant alleged also that the plaintiff consented to the entire management of the estate by her coexecutor W. J. Willie, and that by reason of such consent the plaintiff was estopped from objecting to any of the acts and doings of the coexecutor W. J. Willie respecting the management of the estate. The defendant further alleged in making the advances to W. J. Willie and taking his individual note therefor, secured by the certificate of deposit, it acted in good faith, and that the sums so loaned to W. J. Willie were afterwards paid by him to other legatees of the estate in consideration of their conveying to him their interests in the estate; that the defendant did not know at the time of making advancements upon the certificate of deposit that W. J. Willie intended to use the funds in purchasing for himself the interests of other legatees, and that the defendant was no party to any such disposition of the funds. The defendant further alleged, that, since the sums obtained from it by W. J. Willie upon the pledge of the certificate of deposit had been expended by him in purchasing the interests of other legatees, and thus acquiring seven tenths of the estate, it would be inequitable for the plaintiff to recover the entire amount represented by the certificate of deposit; but that the defendant should be allowed to set off, against the amount due on the certificate of deposit, W. J. Willie's indebtedness to it. The defendant further set up, as a defense to the suit, an alleged contract between the plaintiff and W. J. Willie, whereby the plaintiff, in consideration of W. J. Willie's agreeing to pay to her $22 per month for and during her lifetime, agreed that he should handle and control the funds of the estate as he saw fit.

The plaintiff demurred to that part of the defendant's plea which set up an estoppel as indicated above, and the demurrer was sustained. To that order the defendant excepted. After the

introduction of evidence and the charge of the court, the jury found for the plaintiff in the full amount sued for. The defendant moved for a new trial upon various grounds, excepting to the admission of testimony and to the charge of the court. The plaintiff wrote off from the verdict a part of the amount found as representing the money on deposit in the bank. The defendant, by petition for certiorari, excepted to the rulings on demurrer and to the overruling of its motion for a new trial. The defendant in certiorari moved to dismiss the certiorari, on the ground that notice of sanction and of time and place of hearing did not appear upon the petition. Upon a showing of acknowledgment of legal service timely made, although evidence of such did not appear on the petition, the judge overruled the motion to dismiss. Upon the hearing the judge of the superior court passed an order overruling the certiorari upon condition that certain amounts representing seven tenths of the recovery be written off by the defendant in certiorari within thirty days, and upon a failure of the defendant in certiorari to do so, the certiorari would be sustained and a new trial granted. The defendant in certiorari refused to write off these amounts from the verdict, and the order of the judge has therefore operated to sustain the certiorari and award a new trial to the plaintiff in certiorari. To this order the defendant in certiorari excepted.

Upon the trial of the case in the city court of Cairo the following material facts appeared from the evidence: W. A. Willie left a will which generally provided, exclusive of certain special provisions, that his estate should be kept together, and that his wife, Mrs. Annie H. Willie, should receive the income therefrom for and during her natural life, and that after her death the estate should be divided between his ten children. The wife and several of the children were designated therein as executors. The wife, Mrs. Annie H. Willie, and one of the sons, E. N. Willie, qualified as executors, and afterwards, on or about January 10, 1917, deposited in a bank in Louisville, Georgia, the sum of $4,436.22, representing funds belonging to the estate of W. A. Willie, and received therefor a certificate of deposit, dated January 10, 1917, payable to "Mrs. Annie H. & E. N. Willie, exrs. est. W. A. Willie," in that amount, and due twelve months after date, with interest at the rate of 4 per cent. per annum. This certificate of deposit

was afterwards indorsed by one of the executors named therein, Mrs. Annie H. Willie, the indorsement reading "Mrs. Annie H. Willie, extrix," and it may have had after it an expression indicating that she was executrix of the estate of W. A. Willie, but the record is not clear as to this. Thus indorsed, the certificate of deposit was transmitted to W. J. Willie at Cairo, Georgia, who on August 9, 1917 (after he had, in July, 1919, qualified as coexecutor of the estate of W. A. Willie) transferred it by an indorsement reading, "Annie H. Willie & W. J. Willie, ex's estate of W. A. Willie," to the Farmers and Merchants Bank of Cairo, it being pledged by him to the bank as security for a loan of $800 made to him by the bank to cover some overdrafts on checks made by him in the amount of $800, payable to certain legatees of the will of W. A. Willie, for which loan of $800 W. J. Willie gave to the bank his individual note, depositing the $800 with the bank to his personal account. Later the indebtedness of W. J. Willie to the bank was twice increased, he each time giving to the bank his individual note in a larger sum, for the security of which the certificate of deposit was each time repledged by him. Of the $2,000 received by W. J. Willie, as an addition to his loan at the last renewal, $1,600 was deposited by him in the defendant bank to his individual account.

After the certificate of deposit fell due, which was on January 10, 1918, it was indorsed by the defendant bank to W. J. Willie individually and delivered to him for the purpose of collection. The indorsement of "E. N. Willie, executor," was after this placed upon the certificate of deposit, and the certificate of deposit was honored by the Bank of Louisville by its giving to W. J. Willie its cashier's check in the sum of $4,613.66, payable to W. J. Willie individually, and not as executor. This check was deposited with the Farmers and Merchants Bank of Cairo, the defendant, and a certificate of deposit in the sum of $4,436.22 was issued therefor by the defendant bank to "Mrs. A. H. Willie and W. J. Willie, executors." Contemporaneously therewith this certificate of deposit, which appeared to be indorsed by "Mrs. A. H. and W. J. Willie, executors," was left with the defendant bank as security for the accrued indebtedness of W. J. Willie to the defendant bank in the sum of $3,309, which had been secured to the defendant bank by the certificate of deposit issued by the Bank of Louisville,

and for which indebtedness the defendant bank had taken the individual note of W. J. Willie in the sum of $3,309. The record shows that interest upon the sum represented by these certificates of deposit and various other amounts had been paid to Mrs. Annie H. Willie, the life-tenant.

It appears from the evidence that during the period from the receipt by the defendant bank of the certificate of deposit from the Bank of Louisville and the making of the last advancement of funds by the defendant to W. J. Willie, the only knowledge that the defendant had of the disposition by W. J. Willie of the funds thus received was from checks to different legatees of the estate, drawn by W. J. Willie on his account with the bank, to which account W. J. Willie had deposited some of the funds received by advancement from the defendant. From the funds thus received from the defendant bank W. J. Willie, it is inferable, purchased from some of the legatees their interests in the estate and took deeds thereto to himself in his individual name.

After the death of W. J. Willie his widow deposited with the defendant bank in her name, for herself and her minor child, $972.79, derived from the sale of the property belonging to the estate of W. A. Willie, which property had been bought by W. J. Willie from legatees under the will of W. A. Willie, with funds obtained from the defendant bank as indicated. The defendant bank in receiving this deposit entered into a contract with the depositor, Mrs. A. J. Willie, which provided that the funds should lie in the bank and draw interest to the benefit of Mrs. A. H. Willie, the life-tenant of the estate of W. A. Willie, and at her death or before, upon her written release, the funds would be payable to Mrs. W. J. Willie individually and as guardian of the minor child. It does not appear that the bank took any part in the sale of the property from which these funds were derived, or even had any knowledge of such sale. It does appear that the person who was cashier of the defendant bank when W. J. Willie obtained the advancements from the bank upon his individual notes was an administrator of the estate of W. J. Willie.

*Ira Carlisle, M. C. Barwick,* for plaintiffs.

*S. P. Cain, Jeff A. Pope,* for defendant.