19614. FEDERAL LIFE INSURANCE CO. *v.* HURST.

DECIDED JUNE 11, 1929.

*Bryan & Middlebrooks, Dillon, Calhoun & Dillon, Sidney G. Gilbreath Jr.,* for plaintiff in error. *W. H. Terrell,* contra.

LUKE, J. In an action on an insurance policy in the municipal court of Atlanta, Edward Springer Hurst obtained a verdict and judgment against Federal Life Insurance Company for damages for alleged accidental injuries, and the defendant sued out certiorari. The judge of the superior court dismissed the certiorari, his judgment being in the following language: "This case coming on to be heard and the defendant in certiorari having moved to dismiss the certiorari, on the ground that the defendant had not been served with notice of the sanction and time and place of hearing, after hearing argument, and plaintiff in certiorari had submitted an affidavit on the subject of service, which was rejected by the court, ordered that the certiorari be and the same is hereby dismissed."

The affidavit referred to in the above judgment properly sworn to and subscribed by Clifford E. Thomas, was as follows: "Clifford E. Thomas, having first been duly sworn on oath, deposes and says that he is agent and attorney for the plaintiff in certiorari;

that on or about November 15, 1928, he served written notice of the sanction of the certiorari in this case to be served by delivering a copy of the petition, along with a copy of the order of court sanctioning the same on W. H. Terrell, attorney for defendant in certiorari, that said W. H. Terrell accepted the same, and affiant and said Terrell discussed the case. Affiant said that he would write out formal service, and said Terrell said, 'All right;' and, on account of this, affiant says he served the notice on the defendant more than ten days before January 1929 term of this court, the term to which the writ was returnable."

The Civil Code (1910), § 5190, provides that "The plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent, or attorney, of the sanction of the writ of certiorari, and also the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable cause) the certiorari shall be dismissed." Under the express provisions of this section, and the strict construction thereof by our courts, we are satisfied that the judge did not err in rejecting the affidavit or in dismissing the certiorari. See *Frank* v. *May*, 86 *Ga.* 659 (13 S. E. 19); *McGee* v. *Lowry National Bank*, 9 *Ga. App.* 668 (72 S. E. 67); *Alley* v. *Elliott-Madison Co.*, 22 *Ga. App.* 497 (96 S. E. 342); *McConnell* v. *Folsom*, 4 *Ga. App.* 535 (61 S. E. 1051).

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*