27542. HAMIL v. RIGDON.

MacINTYRE, J. 1. "A bill of exceptions which recites that a motion to dismiss a certiorari was made upon various grounds, and that the motion to dismiss was sustained on all the said grounds (said grounds being specifically set out in the bill of exceptions), 'to each and all of which rulings the plaintiff excepted, now excepts, and assigns the same as error,' specifies 'plainly the decision complained of, and the alleged error,' and 'specifically sets forth the errors alleged to have been committed,' within the meaning of the Civil Code, §§ 5527, 5528 [§§ 6-801, 6-901]." *Davis* v. *Joiner,* 1 *Ga. App.* 106 (58 S. E. 62).

2. In the instant case the bill of exceptions recites that at the hearing of the certiorari the defendant in certiorari made a motion that said

certiorari "be dismissed, because no entry or service of time and place of the hearing having been given as required by law to defendant in certiorari;" that the judge sustained said motion; and that the plaintiff in certiorari "then and there excepted and now excepts, and assigns said ruling and judgment as error, as being contrary to law, and says that the said judge should have overruled said motion upon each and every ground therein contained." This assignment specifies "plainly the decision complained of, and the alleged error," and "specifically sets forth the errors alleged to have been committed," within the meaning of the Code, §§ 6-801, 6-901.

3. A signed entry by the defendant in certiorari, through counsel, that "Due and legal service of the within petition for certiorari and the sanction thereof is hereby acknowledged. All other and further notice is hereby waived," amounts not only to an acknowledgment of notice of the sanction of the writ, but also to a waiver of notice of the time and place of hearing. The judge erred in dismissing the certiorari on the ground that no entry or service of time and place of hearing was given. *Burns* v. *Bibb Brokerage Co.*, 42 *Ga. App.* 259 (155 S. E. 493). This case is distinguishable from *Alley* v. *Elliott-Madison Co.*, 22 *Ga. App.* 497 (96 S. E. 342), *McConnell* v. *Folsom*, 4 *Ga. App.* 535 (61 S. E. 1051), and *Federal Life Insurance Co.* v. *Hurst*, 39 *Ga. App.* 807, 808 (148 S. E. 614), relied on by the defendant in error.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*

DECIDED OCTOBER 26, 1939.

*James O. McGehee,* for plaintiff.  *John G. Cozart,* for defendant.