.8873. MORRISON *v.* BROWN.

WADE, C. J. 1. It is insisted in the brief of counsel for the plaintiff in . error that it does not appear in the record that notice to the opposite party of the sanction of the writ of certiorari and of the time and place of hearing was given, or that there was a written waiver of such service.

(*a*) While it does not affirmatively appear from the record in this court that service of the requisite notice was either had or waived in writing, the bill of exceptions contains no assignment of error (as in *McConnell v. Folsom,* 4 *Ga. App.* 535, 61 S. E. 1051) upon the refusal by the court to dismiss the certiorari because of the lack of such service or waiver; and in the absence of any attempt in the bill of exceptions to assign error for this reason, this court is without authority to determine the validity of the judgment of the lower court upon that ground, since this court (like the Supreme Court), under section 6203 of the Civil Code, can not decide any question "unless it is made by a special assignment of error in the bill of exceptions," except where a want of jurisdiction as to the subject-matter of a suit appears on the face of the record. *Central of Georgia Ry. Co.* v. *Waxelbaum Produce Co.,* 18 *Ga. App.* 489 (2) (89 S. E. 635).

(*b*) While, without the statutory notice or a written waiver thereof, there would be "no proper case pending in the [superior] court" (*Franke* v. *May,* 86 *Ga.* 659, 662 (12 S. E. 1068); see also *Toole,* v. *Davenport,* 63 *Ga.* 160), and "failure to give such notice renders the entire proceeding void" (*McConnell* v. *Folsom,* supra), where proper exception is taken, yet in the absence of any attack in the bill of exceptions upon the ground that there was no written notice or waiver of the notice of the sanction of the petition for certiorari and of the time and place of hearing, and in the absence of any recitals in the bill of exceptions (certified to by the judge) showing a want of such notice or waiver, it will be presumed by this court that the lower court had before it a sufficient written waiver, since it is not essential that such a written waiver should itself be attached to the certiorari proceedings; and in view of this presumption, a judgment sustaining a .certiorari can not be successfully attacked as void in the brief for the plaintiff in error alone, merely because no notice or waiver of notice appears in the record. See *McAlister* v. *State,* 77 *Ga.* 599, 600 (3 S. E. 163), in this connection distinguishing or criticising the ruling in *Glenn* v. *Shearer,* 44 *Ga.* 16.

2. Objections to the certiorari bond and affidavit are likewise presented in the brief for the plaintiff in error, but, as no error is assigned thereon in the bill of exceptions, and as no judgment overruling any objections

to the affidavit and bond is complained of, this court is without authority to determine the sufficiency of the affidavit and bond appearing in the record. Civil Code, § 6203, supra.

3. The error assigned upon the ground that the judgment was contrary to the evidence, not being insisted upon in the brief of counsel for the plaintiff in error, must, under the repeated rulings of this court and of the Supreme Court, be considered as abandoned.

           *Judgment affirmed. Jenkins and Luke, JJ., concur.*
           DECIDED NOVEMBER 2, 1917.

Certiorari; from Hart superior court—Judge W. L. Hodges. April 24, 1917.

*Adams & Johnson,* for plaintiff in error. *A. S. Skelton,* contra.