14468, 14469.  WADLEY SOUTHERN RAILWAY CO. *v.*
WRIGHT, comptroller-general; and *vice versa.*

An ordinary sitting for county purposes on August 22, 1921, had no power
or authority to order a "tax levy for the year 1922."

(*a*)  Although this point was raised for the first time in the brief of coun-
sel for the plaintiff in error, this court holds as above because such a
judgment is absolutely void.

DECIDED DECEMBER 5, 1923.

Affidavit of illegality of execution; from Treutlen superior
court—Judge Crum presiding. February 21, 1923.

*A. S. Bradley,* for plaintiff in error.

*W. J. Wallace, N. L. Gillis Jr.,* contra.

BLOODWORTH, J.  On January 20, 1922, the comptroller-gen-
eral of Georgia issued a tax fi. fa. against the Wadley Southern
Railway Company, which was levied on an engine of the com-
pany.  An affidavit of illegality was filed by the defendant, at-
tacking certain items named in the order levying the tax.  An
examination of the record discloses the fact that the ordinary of
Treutlen county, sitting for county purposes, on August 22, 1921,
passed an order as follows: "It is ordered that an ad valorem tax
levy of twenty-five mills, or twenty-five dollars on the thousand
dollars assessed tax values for said county, be levied for county
purposes for the year 1922, as itemized below.  [Then follow the
several items.]  The tax-collector of Treutlen county is hereby
ordered to collect the same, beginning October 1, 1921."  The
issues raised by the affidavit of illegality were submitted by con-
sent and under an agreed statement of facts to Hon. D. A. R.
Crum, judge of the Cordele circuit, who sustained the illegality
in part and overruled it in part.  From the view we take of this
case, it is unnecessary to determine whether or not, under the facts
submitted to him, the judge erred in his rulings.  In our opinion,
an ordinary sitting for county purposes on August 22, 1921, has
no power or authority to order a "tax levy for the year 1922,"
and pass such an order as is copied above.  It will be noted that
while the order provides for a tax levy for the year 1922, it
directs the tax-collector "to collect the same, beginning October
1st, 1921."  The whole scheme of county taxation in this State
is that each year is a unit, and the taxes which the ordinary is
authorized to levy must be for the expenses of the year in which

they are levied or for debts past due. Ordinaries, as county officials and sitting for county purposes, can do no act not authorized by statute, and there is no law in this State which provides that an ordinary in one year can levy a tax for the expenses of the county for the succeeding year. See, in this connection, *Albany Bottling Co.* v. *Watson,* 103 *Ga.* 504 (1), 505 (30 S. E. 270). So we must conclude that the foregoing judgment of the court of ordinary is absolutely void, and can be so held by any court "when it becomes material to the interest of the parties to consider it." Civil Code (1910), § 5964. *Jowers* v. *Kirkpatrick Hdwe. Co.,* 21 *Ga. App.* 751 (2) (94 S. E. 1044).

*Judgment on main bill of exceptions reversed; cross-bill dismissed. Broyles, C. J., and Luke, J., concur.*