15519. LAMAR *v.* BANKERS HEALTH & LIFE INS. CO.

Under the act creating the municipal court of the City of Macon, a sufficient demand for a trial by jury is not made by the words, "And with this your petitioner puts herself upon the country," which follow the prayer for process, in the plaintiff's petition, but where such a trial is desired, there must be an express, unequivocal, "written demand for trial by jury."

DECIDED AUGUST 8, 1924.

Certiorari; from Bibb superior court—Judge Malcolm D. Jones. February 29, 1924.

In the municipal court of Macon suit was brought against the Bankers Health & Life Insurance Company by Sallie Lamar. Just after the prayer for process the petition contained the following words: "And with this your petitioner puts herself upon the country." Section 25 of the act creating the municipal court

of Macon (Ga. Laws, 1913, p. 261) is as follows: "Be it further enacted by the authority aforesaid, that every case in said municipal court shall be tried by the judge thereof without a jury unless a written demand for trial by jury is filed in said court by the plaintiff or his attorney or by any other party seeking affirmative relief at the time such action or proceeding is instituted, and by the defendant or his attorney on or before the day upon which he is required to appear in court in response to the proceedings against him; upon the failure of a party to demand a trial by jury, he shall be held to have waived such right." When the petition was filed the clerk marked it on the docket as a jury case, and placed it on the "jury calendar." The defendant asked that the case be placed on the "non-jury calendar," and based his motion on the ground that the plaintiff had not made "a demand in writing for a jury as required by law." The motion was sustained, the judge tried the case without a jury, rendered judgment against the plaintiff, and she excepted.

*J. D. Hughes,* for plaintiff. *Turpin & Lane,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) In the brief of counsel for the plaintiff in error he says: "The record presents only one question for consideration by this court: Was the demand in writing in the plaintiff's petition, 'with this she puts herself upon the country,' sufficient in law to enable her cause to be tried by a jury." As this point seems never to have been passed upon by either of the appellate courts of this State, we have made a rather exhaustive examination of text-books, encyclopedias, and reports for some precedent. The case nearest to this one that we have found is that of Cleaves *v.* Davidson, 85 Tenn. 380. In that case it was held that "The ordinary conclusion to the country, in a plea, is not a sufficient demand for a jury, by the defendant, under the act of 1875, chapter 4, requiring that 'either party desiring a jury shall in case of original suits, demand a jury in his first pleading, tendering an issue triable by jury.'" And the court held in that case (p. 382) : "Though 'the resort to a jury, in ancient times, could, in general, be had only by the mutual consent of each party,' and the conclusion *to the country* was then used by the one party to indicate that the issue tendered was to be tried by a jury, and the *similiter* was used by the other party to express his consent to such trial (Stephens on Pleading, Rule 3, pages 236-7;

Rule 2, page 229), we think the ancient origin of such pleading, and the reasons therefor, cannot now be invoked, as controlling, in the construction of a modern statute." We agree with the conclusion reached in the foregoing case that "the ancient origin of such pleading and the reasons therefor, cannot now be invoked, as controlling, in the construction of a modern statute." Under the act creating the municipal court of the City of Macon, when a trial by jury is desired it is not a sufficient demand therefor for the petition to conclude with the words, "And with this your petitioner puts herself upon the country," but there must be an express, unequivocal, "written demand for trial by jury" as required by the statute.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*