21482. EWART BROTHERS INC. *v.* PHILIPS & SONS.

BELL, J. 1. "If one of the defendants was merely an accommodation indorser upon the note, and the indorsement was made without authority from the corporation or was an act ultra vires upon the part of the corporation, such matter should have been set up by way of defense to the action in the municipal court." *Ewart* v. *Philips,* 174 *Ga.* 70 (162 S. E. 271).

2. The fact that one paragraph of the demurrer to the affidavit of illegality was "speaking" in character did not vitiate the other grounds of the demurrer, and, the affidavit being subject to the general ground of the demurrer, the judgment sustaining the demurrer and striking the affidavit should not be reversed because the demurrer was not good in every part or because the court may have considered extraneous matter in determining the sufficiency of the affidavit of illegality. *Crittenden* v. *Southern Home Building & Loan Asso.,* 111 *Ga.* 266 (5) (36 S. E. 643).

3. The assignments of error upon the judgment striking the affidavit of illegality could not enlarge upon the grounds alleged in the affidavit, and the question as to whether the judgment was rendered without a compliance with the statute governing procedure in the municipal court of Columbus, not having been made in the affidavit of illegality, could not be raised for the first time in the assignments of error upon the judgment sustaining the demurrer and striking the affidavit of illegality.

4. Applying the above rulings, the petition for certiorari was without merit, and the judge of the superior court did not err in refusing to sanction the same. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 11, 1932.

*Henry D. Gaggstatter,* for plaintiff in error.
*A. W. & John G. Cozart,* contra.