## 31798. GREENE *v.* GREENE.

DECIDED DECEMBER 3, 1947.

226

*S. B. Wallace,* for plaintiff in error.
*J. W. Culpepper, Lester Dickson,* contra.

PARKER, J. If the judgment was void the illegality should have been sustained. *Harrell* v. *Davis Wagon Co.*, 140 *Ga.* 127 (78 S. E. 713). A judgment which is void for any reason, "is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Code, § 110-709; *Jowers & Son* v. *Kirkpatrick Hardware Co.*, 21 *Ga. App.* 751 (1) (94 S. E. 1044). The suit was on an account or for an accounting, and was not for liquidated damages. Under the old law, before the new rules were adopted, a plaintiff could take a verdict without a jury trial in all cases in default, "except actions for unliquidated damages and suits on unconditional contracts in writing" (Code, § 110-403); and "In all cases where the damages are not liquidated and a judgment by default is entered, the plaintiff shall be required to introduce evidence and establish the amount of damages. The defendant may contest the amount of such damages before the jury with a right to move for a new trial in respect to such damages and to except as in other cases." Code, § 110-405. The new rules of procedure, pleading and practice in civil actions were adopted by a resolution of the General Assembly approved February 1, 1946 (Ga. L. 1946, p. 761, 782). They became effective January 1, 1947. The two sections of the Code last cited above were repealed by the resolution adopting the new rules. But, the law was not changed with respect to the rendition of judgments without the verdict of a jury, in actions for unliquidated damages, but was merely restated. Code § 110-401 as changed by new Rule 18, is now as follows: "If any case is not answered on or before its appearance day, such case shall automatically become in default unless the time has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days after the appearance day, upon the payment of costs. If the case is still in default, the plaintiff, at any time on or after the first day of the term to which the case is returnable, shall be entitled to a verdict and judgment by default as if every item and paragraph of the petition were supported by proper evidence, and his claim, allegation or demand may at any time thereafter be tried without the intervention of a jury unless the suit is one for unliquidated damages whether ex contractu or ex delicto, in either of which

events the plaintiff shall be required to introduce evidence and establish the amount of damages before a jury . . with the right to move for a new trial in respect to such damages, and also to except as in other cases. Such trial may in any case be held at any time on or after the first day of such term."

It thus appears that the right of a plaintiff to take a judgment by default and without a trial by a jury, in actions founded on claims for unliquidated damages, is the same under the new rules as it was under the .old law in force prior to January 1, 1947. The action in the case at bar was on a contract or claim for unliquidated damages. It follows that the plaintiff was not entitled to a judgment without the verdict of a jury, even though the case may have been in default.

"Where suit is brought in the superior court on an open account, and there is personal service and no plea is filed, a judgment rendered by the court without the intervention of a jury is void. 'The court can enter up judgment without a jury only in civil cases founded on unconditional contracts in writing, where an issuable defense is not filed under oath or affirmation.' " *Jowers & Son* v. *Kirkpatrick Hdwr. Co.*, supra, and citations therein. Under this ruling the judgment rendered by the court in this case, without the intervention of a jury, was void. The judgment being void, the execution issued thereon was likewise void, and a void judgment and execution can be attacked by an illegality. *Harrell* v. *Davis Wagon Co.*, supra. However, the plaintiff contends that the ruling of the trial court denying the motion of the defendant, previously made, to set aside the judgment and reopen the case, from which ruling the defendant made no appeal, was res judicata. That contention is without merit under the holding of the Supreme Court in *Jones* v. *Jones*, 181 *Ga.* 747 (184 S. E. 271), and *Langston* v. *Nash*, 192 *Ga.* 427 (15 S. E. 2d, 481). This is so because the motion to set aside the judgment and reopen the case was based entirely on other grounds, and did not attack the judgment as being void because it was rendered without the verdict of the jury. The point that the judgment was void was raised for the first time in the illegality.

The trial court was without jurisdiction to render the judgment without the verdict of a jury, the action being for un-

liquidated damages, and such judgment was void. It was error to dismiss the illegality.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*