## 40351. BOLAND v. BARGE.

PANNELL, Judge. 1. A traverse of the plaintiff to the latter two of three answers of a garnishee came on for hearing, the question at issue being whether the defendant in the main suit and the employee of the garnishee were one and the same person, and the garnishee made an oral motion "to dismiss on the ground that garnishee was entitled to be discharged because his answer [the first one] filed on October 5, 1962, was not traversed and therefore must be accepted by the court as true. This first answer alleged that the Mable Campbell who worked for garnishee was not the Mable Campbell against whom said judgment was taken and her wages were not subject to garnishment." The court overruled this motion and entered a written order sustaining another oral motion attacking the traverse because of a late filing, and "dismissing" the garnishee as to the first and second summons of garnishment, but not as to the third. This written order is expressly excepted to in the bill of exceptions and error assigned thereon that the written order "is contrary to law because, based on the facts as set forth in garnishee's answer filed October 5, 1962, which answer was untraversed, garnishee was entitled to be 'discharged'"; this exception (a) is not an exception to, or an assignment of error upon, the overruling of the oral motion not mentioned in the written order; nor, (b) does such assignment of error constitute a reason for reversal of the written order to which exception was made. Whether the order overruling the oral motion not mentioned in the written order was ever formally entered does not appear, but, whether entered or not, the exception and assignment of

error is not an exception or assignment of error to this order, and shows no grounds for reversal of the written order excepted to, nor does said written order support a plea of res judicata on the theory that such order was one sustaining the oral motion not mentioned in the order, and which oral motion the bill of exceptions shows was overruled rather than sustained.

2. Assuming, but not deciding, that a single traverse may not be maintained as to two answers of the same garnishee to two separate summons issued at different times upon the same affidavit and bond (*Code* § 46-303), yet, where it appears that such a traverse to one of the answers was essentially disposed of by an order of the judge "dismissing" the garnishee as to the "summons" answered, which action was taken prior to the hearing on the same traverse as to the other answer, at which later hearing the *garnishee for the first time* made a motion to dismiss the traverse on the ground that it was an attempt to traverse two answers with a single traverse, such a traverse was not subject to dismissal on this ground, for the reason that under such circumstances there was only one traverse to one answer at the time the motion was made.

3. Whether *Code* § 8-505 before the amendment of 1962 (Ga. L. 1962, pp. 717, 720) or after the amendment of 1962 applies to the instant case, the traverse to the answer of the garnishee was not filed too late. Prior to the amendment of 1962, the traverse could be filed at any time before the garnishee was discharged. *Banks v. Hunt*, 70 Ga. 741 (1). Since the Act of 1962, amending *Code* § 8-505 "so as to prescribe the time of filing and trial" of traverse to the answer of a garnishee, the traverse must be filed within 15 days after filing of such answer and service of copy thereon upon plaintiff or his attorney in the manner therein prescribed. It does not appear from the record in this case that such service has been made; therefore, the traverse to the answer, having been filed before the discharge of the garnishee, and prior to service of a copy of the answer upon the plaintiff, was, in either event, filed within the time required by law.

4. In his brief plaintiff in error, the garnishee in the court below, for the first time attacks the judgment in the main case, his ground of attack being that it was a judgment rendered before the judge without a jury in a tort action which was in default and, therefore, void, citing *Code Ann.* § 110-401,

and *Code* §§ 110-701 and 110-711. Assuming, without deciding, that *Code Ann.* § 110-401 is applicable to the Civil Court of Fulton County, and that a judgment rendered by the judge without the intervention of a jury in a tort action in default is absolutely void when done without a waiver of a jury trial on the part of a defendant, *Greene v. Greene,* 76 Ga. App. 225 (45 SE2d 713), and that such judgment could be attacked for the first time by brief in this court, *Wadley So. R. Co. v. Wright,* 31 Ga. App. 289 (120 SE 551), it does not appear in the instant case, either from the evidence, the record or the face of the judgment attacked, that the judgment rendered by the judge without the intervention of a jury, was done without the consent of the defendant. It follows, therefore, that the judgment not being void on its face or in view of the evidence and the record, this court cannot consider an attack made upon such judgment for the first time in the brief of the plaintiff in error. *Morrison v. Brown,* 21 Ga. App. 217 (1, 2) (94 SE 85); *Ewart Bros. Inc. v. Philips & Sons,* 44 Ga. App. 675 (4) (162 SE 634).

5. The evidence upon the trial of the traverse to the answer of the garnishee amply authorized, if it did not demand, a verdict in favor of the traverse and against the garnishee.

6. The question of whether more than one summons can be issued upon an affidavit and bond after trial and judgment in the main case was not raised in the court below or in this court, and no decision is rendered thereon. See, in this connection, *Code Ann.* § 46-105; *Paton & Co. v. Chambliss & Co.,* 114 Ga. 626 (1) (40 SE 760).

7. It follows that the trial court did not err in overruling the motion for new trial on the general grounds only and did not err in any of the other rulings complained of and properly presented to this court for decision.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

DECIDED NOVEMBER 5, 1963—REHEARING DENIED NOVEMBER 21, 1963.

*Endicott & Endicott, Lucian J. Endicott, Mary C. Endicott,* for plaintiff in error.

*Sherman C. Fraser, Jr., Marvin P. Nodvin,* contra.