## 42471. HUDGINS v. PURE OIL COMPANY.

BELL, Presiding Judge. 1. In this suit on a note, defendant simply denied the paragraph of plaintiff's petition which included the note and alleged the indebtedness. This denial was in effect a plea of the general issue, and as against an unconditional contract in writing, was insufficient as a defense against recovery for the principal and interest on the note. *Kingery v. Yancey Bros. Co.*, 100 Ga. App. 178, 180 (110 SE2d 411); *Medlock v. Wood*, 4 Ga. App. 368, 369 (61 SE 516); *Wood v. Noland Credit Co.*, 113 Ga. App. 749 (2) (149 SE2d 720). However, in another paragraph of his answer defendant denied a paragraph of plaintiff's petition alleging the giving of the notice required by *Code Ann.* § 20-506 in order to recover attorney's fees. This denial was a sufficient defense on the issue of attorney's fees, and therefore the answer, though defective in another respect, was not wholly bad. *Hicks v. Hamilton*, 3 Ga. App. 112, 117 (59 SE 331); *Glaze v. Fulton Nat. Bank*, 114 Ga. App. 291 (2) (151 SE2d 478). See also *Kreischer v. Bank of Louisville*, 32 Ga. App. 699 (3, 4) (124 SE 539); *Greenwood v. Greenwood*, 44 Ga. App. 847 (2) (163 SE 317). Since a part of the answer was sufficient, the trial court erred in sustaining plaintiff's motion to strike the answer in its entirety. *Glaze v. Fulton Nat. Bank*, 114 Ga. App. 291 (2), supra.

2. This action having been filed in DeKalb Civil Court and defendant having failed to file a written demand for jury trial in accordance with the terms of Section 12 of an Act of 1951 (Ga. L. 1951, pp. 2401, 2405), defendant must be held to have waived a trial by jury. *Owen v. Stevenson*, 18 Ga. App. 391 (89 SE 435); *Cherry v. McCutchen*, 68 Ga. App. 682 (23 SE2d 587); *Stamps Tire Co. v. Hartford Accident &c. Co.*, 115 Ga. App. 326 (2).

3. The record does not disclose that the trial court failed "to consider and rule upon appellant's plea of illegality of consideration" as alleged in the first enumeration. The judgment of the court recites that evidence was heard, that defendant's answer was stricken and that judgment was rendered for plaintiff. Under these circumstances, there being no transcript of the proceedings in the record, it must be presumed that the trial judge had before him ample

evidence to authorize a judgment for plaintiff. *Stamps Tire Co. v. Hartford Accident &c. Co.,* 115 Ga. App. 326 (3), supra.

The judgment will be affirmed with direction that plaintiff write off the amount of attorney's fees included in the judgment.

*Judgment affirmed with direction. Jordan and Pannell, JJ., concur.*

SUBMITTED JANUARY 5, 1967—DECIDED APRIL 7, 1967.

*J. C. Rary,* for appellant.

*Andrew A. Baumstark,* for appellee.