## 47579. FIRST FIDELITY INSURANCE CORPORATION v. BUSBIA.

BELL, Chief Judge. The plaintiff sought recovery against an insurer on a prior judgment that plaintiff had obtained against third parties allegedly insured under an automobile liability policy. The record of the prior case, tried in a superior court, was admitted in evidence. It revealed that the defendants defaulted; that as the action was ex delicto, a jury of eleven persons was impaneled which awarded plaintiff $10,000 in damages; and that a judgment for that amount was entered. No written stipulation is contained in the record of the prior case that the jury would be composed of less than twelve members. *Held:*

Defendant contends that the prior judgment was void and that the trial court erred in the denial of its motion for directed verdict and for judgment notwithstanding the verdict. We agree. Where a party is in default in an action ex delicto the plaintiff is required to introduce evidence and establish the amount of his damages "before a jury" before a judgment by default may be entered. CPA § 55 (Code Ann. § 81A-155 (a)). Section 47 (a) of the Civil Practice Act further provides: "Jurors. (a) Juries of less than twelve. The parties may by written stipulation, filed of record, stipulate that the jury shall consist of any number less than that fixed by statute." Code Ann. § 81A-147 (a). In *Greene v. Greene,* 76 Ga. App. 225 (45 SE2d 713) it was held that under then existing Code § 110-401, a judgment by default entered in the superior court in an action on a claim for unliquidated damages, by a judge without a jury trial, was void, as a jury verdict as to the damages was required by that statute. Under our existing statute a valid default judgment cannot be entered in an ex

delicto action unless the plaintiff has introduced evidence and established the amount of his damages "before a jury." It is clear under our Constitution and statutes that a jury in the superior courts must be composed of twelve members. Code Ann. § 2-5101; Code § 59-703; and CPA § 47 (a), supra. Since there was no stipulation that the jury would consist of less than twelve, it follows that there was no trial "before a jury" as required by the default judgment statute. It follows that the earlier judgment was void. "A lack of jurisdiction or power in a court entering a judgment always avoids the judgment, and this is especially true as it relates to and affects the rights of other parties; such action is a mere usurpation of power by the court and may be declared void collaterally without any direct proceedings to revise it." *Royal Indemnity Co. v. Mayor &c. of Savannah,* 209 Ga. 383, 391 (73 SE2d 205). A judgment void on its face may be attacked in any court by any person. CPA § 60 (a) (Code Ann. § 81A-160 (a)). A judgment which is void for any cause is a mere nullity and may be so held in any court when it is material to the interest of the parties to consider it. Code § 110-709; *Nuckolls v. Merritt,* 216 Ga. 35 (114 SE2d 427). Thus it was error for the trial court to deny the defendant's motion for directed verdict and for judgment notwithstanding the verdict on this ground. The judgment is reversed with direction that judgment be entered for defendant.

*Judgment reversed with direction. Eberhardt, P. J., Quillian, Clark and Stolz, JJ., concur. Hall, P. J., Pannell, Deen and Evans, JJ., dissent.*

Argued October 2, 1972 — Decided February 21, 1973 — Rehearing denied March 14, 1973 — ▆▆

*Fulcher, Hagler, Harper & Reed, J. Walker Harper,* for

appellant.

*Franklin H. Pierce, Hinton R. Pierce,* for appellee.

EVANS, Judge, dissenting. Busbia sued Cochran and Bohannon in Superior Court of Richmond County for injuries suffered in an automobile mishap, and upon trial of the case a jury rendered a verdict for plaintiff for $10,000, and judgment was regularly entered on October 27, 1969. Thereafter, Busbia sued First Fidelity Insurance Corporation as the automobile liability insurer on Cochran, to collect the $10,000, and during the trial, the insurance company's counsel made the following motion: "Move the court for a directed verdict, on the grounds that the judgment which is in evidence, is an illegal and improper judgment which the case is based on *because it was rendered by eleven jurors,* and the constitution and the statutes of this state require 12 jurors to a legal verdict." (Tr. p. 77).

The majority opinion reverses the trial court and asserts that the judgment attacked should be set aside. I dissent. The judgment itself was regular and valid on its face, and the law presumes that each and every element and ingredient essential to the validity of said judgment was present and supported same. *Atlantic C. L. R. Co. v. Gause,* 116 Ga. App. 216, 225 (156 SE2d 476); *Stamps Tire Co. v. Hartford Acc. &c. Co.,* 115 Ga. App. 326 (3) (154 SE2d 656); *Allen v. Smith,* 223 Ga. 265, 266 (154 SE2d 605). The judgment itself asserts that "the *jury* in the above stated case having rendered a verdict . . ." which implies, under the foregoing authorities, a *legal jury.*

What right had the insurance company to attack this judgment which was rendered in a case to which it was not a party? The answer, if there is an answer, is found in Code Ann. § 81A-160 (§ 60, CPA; Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240), which provides that a judgment, *void on its face,* may be attacked by any person and in any court. This judgment was *not void on its face.* What else is provided by Code Ann. § 81A-160 as to the

method of attack which may be used against a judgment regular on its face? That statute provides that all other judgments—all other than those that are *void on their faces*—must be attacked by a direct attack, to wit, motion for new trial, motion to set aside, or by complaint in equity.

So the insurance company here cannot attack the judgment collaterally—as it seeks to do—because the judgment is not void on its face—and it has not resorted to the only other remedy open to it, to wit, direct attack by motion for new trial, motion to set aside, or complaint in equity.

But even had the insurance company made a proper attack—and even if its attack could be considered in this instance (and we respectfully submit that it did not make a proper attack and its attack cannot now be considered) yet it could not prevail under the state of this record. The only part of the record where proof was introduced or discussed as to the allegedly illegal jury begins in the transcript at p. 77. A list of jurors was later introduced showing 12 names, and one name was scratched through (Exhibits P-1 and D-6, p. 111 of transcript).

But why was one name scratched through? When was it scratched through? Was this juror excused after being drawn with the other 11, for some reason such as sickness? And if he was excused did the two original defendants, Cochran and Bohannon, agree to proceed with only 11 jurors? That is a common occurrence in the trial of lawsuits.

It must be remembered that this was a suit for unliquidated damages, and although it was in default, both defendants had the right to be present at the trial had the right to participate in the selection of the jury (see *Williams v. Linn,* 108 Ga. App. 629 (1) (133 SE2d 892)), and had the right to offer evidence on the question of damages. See Code Ann. § 81A-155 (a) (§ 55, CPA; Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238). The record is

silent as to whether they were present, participating in the trial, and as to what waivers, stipulations or consents they may have entered into respecting the number of jurors who tried the case. Under the authorities cited earlier as to the presumption that every element necessary to support the validity of the judgment was present, it must be presumed that if there were less than 12 jurors, this was agreed upon by the defendants. And, of course, the liability insurer—not a party to that case —cannot complain of the way in which the two defendants tried or agreed to try the case against them.

In summary: 1. The judgment is presumed to be valid and legal. 2. The judgment is not void on its face. 3. The record shows a regular judgment. 4. The insurance company is not allowed to make a collateral attack in this proceeding. 5. The only attack it could have made was a direct attack, to wit, motion for new trial, motion in arrest, or complaint in equity. 6. Had there been only 11 jurors—as the two defendants had the right to participate in the trial, including selection of jurors in this unliquidated damage case, the insurance company had the burden of showing they did not agree to a jury of less than 12, the presumption being in favor of validity of the judgment.

I would affirm the lower court, and I dissent from the majority opinion.

DEEN, Judge, concurring in dissent. Code Ann. § 81A-160 provides: "A judgment void on its face may be attacked in any court by any person." A judgment not attacked, especially where third parties are involved, should not be set aside. Where counsel for the appellant, although originally moving to set aside the judgment as void on its face, said during the ensuing colloquy in answer to the statement that he was in no position to make a collateral attack, "I'm not attacking it," and the court thereupon denied the motion, the court might well have taken the statement as a withdrawal of the *attack*

on the judgment. This shows no reversible error.