## 51281. WILLIAMS v. LEONARD HEATING & AIR CONDITIONING COMPANY, INC.

QUILLIAN, Judge.

Defendant, appellant here, moved to open a default

which resulted from his failure to timely answer a suit brought against him in the Civil Court of Fulton County. After a hearing the trial judge granted the motion and allowed the defendant to file an answer on January 30, 1975. On June 13, 1975, the defendant made a written demand for a jury trial and sought to amend his answer by including such demand. However, the case was assigned to a judge, sitting without a jury, who tried the case and found for the plaintiff. The defendant appeals and contends that the trial judge erred in denying the demand for a jury trial. *Held:*

Section 39 of the Act creating the City of Altanta Municipal Court (now the Civil Court of Fulton County) as amended, provides: "The defendant in such action may file a written demand for a trial by jury on or before the day upon which he is required to appear in court in response to said proceeding and upon such defendant's failure thereupon to demand a trial by jury, he will be held to have waived the same . . ." Ga. L. 1913, pp. 145, 165; Ga. L. 1935, pp. 500, 503. In *Cherry v. McCutchen,* 68 Ga. App. 682, 690 (3) (23 SE2d 587), it is held: ". . . if the defendant, where a plaintiff does not make a demand, desires a jury trial he must make such demand in writing at the time he appears and pleads, and that if no such demand for a jury trial is made the parties will be deemed to have waived such trial." Accord: *Bowen v. McClelland,* 115 Ga. App. 617 (1) (155 SE2d 660). Waiver may be made of the right of trial by jury, and where a party has the right to demand a jury trial and neglects to do so he will be held to have waived the right. *Flint River Steamboat Co. v. Foster,* 5 Ga. 194 (8); *Sutton v. Gunn,* 86 Ga. 652 (12 SE 979); *Mills & Williams v. Ivey,* 3 Ga. App. 557 (4) (60 SE 299); *One Hour Valet v. Kamor,* 103 Ga. App. 618, 620 (120 SE2d 130); *Stamps Tire Co. v. Hartford,* 115 Ga. App. 326 (2) (154 SE2d 656); *Southern R. Co. v. Beach,* 117 Ga. 31 (2) (43 SE 413); *Heard & Sutton v. Kennedy,* 116 Ga. 36 (1) (42 SE 509).

This is not one of those matters within the purview of CPA § 15 (c) (Code Ann. § 81A-115; Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). It is evident that the demand for a jury trial must have been made at the time of the original answer and the defendant could

not at a later time make such request.

Under the same statute, Ga. L. 1913, p. 145, as amended, Ga. L. 1935, pp. 500, 503, supra: "... any judge of said court shall have the right on his own motion and in his discretion, to refer any cause involving an issue of fact to a jury for trial for a general verdict in said case, or may refer any issue of fact to a jury for the rendering of a special verdict on such issue ..." Nevertheless, the failure to refer the cause for jury trial will not be controlled absent abuse of the judge's discretion which was not here shown.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED NOVEMBER 14, 1975 —
REHEARING DENIED DECEMBER 8, 1975 —

*John F. Sweet, Gale W. Mull,* for appellant.
*Dillard, Dillard & Shearer, G. Douglas Dillard,* for appellee.