## 52591. MARLER v. CITIZENS & SOUTHERN BANK OF MILLEDGEVILLE.

Argued September 14, 1976 — Decided September 30, 1976 — Rehearing denied October 14, 1976 —

*Barnes & Browning, Roy E. Barnes, Thomas J. Browning,* for appellant.

*R. Neal Batson, Joyce Bihary, Ben F. Johnson, III,* for appellee.

DEEN, Presiding Judge.

■ (a) The State Court of Cobb County was created as the Civil and Criminal Court of Cobb County in 1964 (Ga. L. 1964, p. 3211) with misdemeanor jurisdiction in criminal cases; in civil cases of over $300 the practice and procedure was specified the same as in the superior courts. Its name was changed to the State Court of Cobb County by Ga. L. 1970, p. 679, as it came within the Act specifying the practice and procedure of certain courts below the superior court level, including having "concurrent jurisdiction with superior courts to try misdemeanor cases by a jury trial" as specified in Section 2.

Section 8 of the 1964 Act provides: "Upon the filing of any civil action in said court, the plaintiff or his attorney of record may file with the original action but by separate document prescribed and furnished by the court a written demand for trial by jury in said court, and in the absence of such demand the plaintiff shall be held to have waived trial by jury. The defendant in such action may file by separate document prescribed and furnished by the court a written demand for trial by jury on or before the date upon which he is required to appear in court in response to said proceeding and upon such defendant's failure thereupon to demand a trial by jury, he will be held to have waived the same; provided, however, where neither party demands a trial by jury the judge of said court shall have the right on his own motion and in his own discretion to refer any cause involving an issue of fact to a jury for trial for a general verdict in said case."

Additionally, the State Court Act of 1970 (Ga. L. 1970, p. 679) provides as to the courts coming within its ambit, providing in Section 9 that they are courts of record, in Section 10 that laws relating to qualification, empaneling, challenging, and compensation of jurors shall be those in force in the superior courts "except where

in conflict with the terms of the Act creating said courts" and in Section 13 that "in all those cases in which there is a conflict between the provisions of this Act and such local Acts [creating the subject courts] this Act shall take priority and be controlling."

It follows that if the provisions of Section 8 of the Act creating the court, which refers to waiver of jury trial, are in conflict with general law as coming within the purview of Section 10 relating to juries, the provisions of the local law would prevail. If not in conflict, then under Section 13 of the State Courts Act, the provisions of the local law would in like manner prevail. We find there is no conflict between the law converting the Civil and Criminal Court of Cobb County to the State Court of Cobb County, and the original Act creating the court, insofar as waiver of jury trial is concerned. Under the provisions quoted, plaintiff and defendant respectively waive their right to jury trial when they fail to make proper and timely demand.

(b) Does the fact that the court is a court of record, in and of itself have any effect on the waiver of a jury trial? The answer to this question must be negative. In *Bowen v. McClelland,* 115 Ga. App. 617 (1) (155 SE2d 660) it was held, as to the Civil Court of Fulton County having the same provisions as here under consideration that "the appellants, having failed to file a demand [for jury trial] before appearance day, waived their right to a jury trial." The same result was reached in *Stamps Tire Co. v. Hartford Acc. &c. Co.,* 115 Ga. App. 326 (2) (154 SE2d 656). In *Hudgins v. Pure Oil Co.,* 115 Ga. App. 543 (2) (154 SE2d 768) the same ruling was applied to the Civil Court of DeKalb County where demand was not made in terms of the Act creating that court. Finally, the passage of the Civil Practice Act now obtaining in all courts of record (Ga. L. 1966, p. 609; Code § 81A-101) did not change this time honored rule of law. It was held, in relation to the Civil Court of Fulton County (which, incidentally, does not fall under the State Courts Act, *Austin v. Aldredge,* 227 Ga. 119 (179 SE2d 66)) as follows: "Waiver may be made of the right of trial by jury, and where a party has the right to demand a jury trial and neglects to do so he will be held to have waived the right. [Cits]. This is not one of those matters within the purview of CPA § 15 (c) (Code

Ann. § 81A-115; Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). It is evident that the demand for a jury trial must have been made at the time of the original answer and the defendant could not at a later time make such request." *Williams v. Leonard Heating &c. Co.,* 137 Ga. App. 16, 17 (223 SE2d 2).

The only expression of judicial opinion contrary to the above is that in the first division of *Pate v. Scott Real Estate Co.,* 132 Ga. App. 49 (207 SE2d 567), concurred in by only two judges, to the effect that a demand for jury trial is a "pleading" and may be "amended." Regardless of how it is denominated, as stated in the *Williams* case, supra, the demand for trial by jury must be timely made or it is deemed waived, for which reason any contrary statement in the first division of *Pate,* supra, must be disregarded.

(c)  In the present case the defendant was served with process on October 28, 1974, and filed his answer and counterclaim on December 10. Not until the following April did he make a demand for jury trial in an amendment to the answer. This was obviously not in accord with the statutory requirement. Failure to make a proper demand constituted a waiver. The court did not err in hearing the case without a jury.

■ The defendant filed a counterclaim alleging that the plaintiff's note was part of a transaction by which defendant purchased an interest in a named corporation on representations of the plaintiff that it was making huge profits and owned certain interests and equipment, which representations were untrue, and that plaintiff, had he been advised of the true situation, would not have signed the note. The court in his final judgment made a finding of fact that the plaintiff had made no mis-representations related to the promissory note on which the suit was brought; that the defendant had no legal defense to its collection, and that he failed to prove the allegations of his counterclaim. These statements are supported by the evidence in the case. This is a sufficient conformance to the provisions of Code Ann. § 81A-152 (a) insofar as the sufficiency of findings of fact relating to the counterclaim are concerned. *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154).

*Judgment affirmed. Quillian and Webb, JJ., concur.*