## 52440. GOODEN v. BLANTON.

SUBMITTED JULY 7, 1976 — DECIDED
DECEMBER 1, 1976.

*Richard K. Greenstein,* for appellant.
*William Boyd Lyons,* for appellee.

McMURRAY, Judge.

This is an appeal from the refusal of the trial judge to vacate a judgment in a tort case. Appellant and his father were sued in the State Court of DeKalb County, Georgia, in a negligence action involving an automobile in the alleged amount of $1,189.80. Both defendants were served. No answer was filed by either of the defendants. The case being in default, the court entered the following order: "The case coming on regularly to be heard before the Judge Presiding without the intervention of a Jury, and after hearing evidence, and it appearing that the plaintiff is entitled to recover of the defendants jointly and severally the principal sum of $1,189.80, . . .judgment is hereby rendered in favor of the plaintiff and against" the defendants, etc.

The appellant moved to vacate the judgment on the grounds that Section 55 (a) of the Civil Practice Act (Code Ann. § 81A-155 (a)) requires that in cases of default in actions ex delicto, the issue of damages is required to be submitted to a jury and that the record in the present case on its face shows the statute was not complied with in that the case was not submitted to a jury as to the amount of damages.

The sole question for decision is whether or not in a suit for damages (action ex delicto seeking unliquidated

damages) the defendant, although properly served, in failing to answer and who suffers a default judgment, waives trial by jury in a state court which requires a written demand for jury trial. Our Constitution allows judgment without a jury verdict in civil cases, "except actions ex delicto, where no issuable defense is filed." See Constitution of 1945 (Code Ann. § 2-3907).

The local Act creating the Civil Court (now State Court) of DeKalb County (Ga. L. 1951, Vol. 2, pp. 2401, 2405), provides that if the defendant fails to make a written demand for trial by jury on or before the date upon which he is required to appear in court in response to the civil action, "he will be held to have waived the same." But, upon the creation of the state court system below the superior court level (Ga.L. 1970, p. 679 et seq.) the rules of practice and procedure applicable to the superior courts "shall be the rules which govern practice and procedure" of the state courts coming under the provisions of that law. See Code Ann. § 24-2107a (Ga.L. 1970, pp. 679, 681).

Accordingly, the case of *Pittman v. McKinney,* 135 Ga. App. 192 (1) (2) (3) (4) (217 SE2d 446), completely controls this case as to a requirement by the Constitution and the Civil Practice Act (CPA, § 55; Code Ann. § 81A-155) that an ex delicto claim as to the amount of judgment must be "proved before a jury" even though the case be in default. This does not mean that the defendant cannot expressly waive a jury trial, but the law cannot waive it for the defendants as here.

Nothing is found in such cases as *Morrison v. Brown,* 21 Ga. App. 217 (94 SE 85); *Wadley Southern R. Co. v. Wright,* 31 Ga. App. 289 (120 SE 551); *Boland v. Barge,* 108 Ga. App. 689 (134 SE2d 463); or *Ewart Bros., Inc. v. Philips & Son,* 44 Ga. App. 675 (4) (162 SE 634), which controls the above ruling. The case of *Greene v. Greene,* 76 Ga. App. 225 (45 SE2d 713), is authority for our view that the judgment rendered is void even though the appellant therein did not appeal at the first opportunity but waited and filed an affidavit of illegality to a levy instead of as in the case sub judice, moving to vacate and set the judgment aside. It clearly cannot be said that the appellant here has waited too late to raise this issue or has raised it for the first time on appeal.

It is also argued that *Centennial Equities Corp. v. Hollis,* 132 Ga. App. 44, 45 (2) (207 SE2d 573), a seven to two decision, is authority that the correct rule is set forth in *Boland v. Barge,* supra, 691. But this decision does not so hold, as Judge Webb so clearly points out in the *Pittman* case. It involved the foreclosure of a lien, a special statutory proceeding, for a definite money judgment, not unliquidated damages as in the case sub judice.

Further, the cases cited by *Centennial,* such as *Cherry v. McCutchen,* 68 Ga. App. 682, 690 (23 SE2d 587), was one in trover, again a special statutory proceeding, seeking return of the article or its value; not strictly an ex delicto action. The case of *Owen v. Stevenson,* 18 Ga. App. 391 (89 SE 435), does not disclose what type of action it was in the Municipal Court of Atlanta as that case was in the superior court by certiorari. Again, the case of *Lamar v. Bankers Health &c. Ins. Co.,* 32 Ga. App. 528 (123 SE 919), cited in *Cherry v. McCutchen,* supra, was an action in the Municipal Court of the City of Macon on review by certiorari from the superior court, and we do not have information as to the type of action.

We have likewise examined the cases of *Hudgins v. Pure Oil Co.,* 115 Ga. App. 543 (2) (154 SE2d 768), and *Marler v. C & S Bank of Milledgeville,* 139 Ga. App. 851, both of which concern the waiver of jury trials in state courts. Neither has anything to do with default judgments in an ex delicto action as we have here, and neither falls afoul of the Georgia Constitution and the Civil Practice Act, nor are we holding that the parties cannot expressly waive a jury trial. Parties to litigation may also expressly waive findings of fact and conclusions of law as required by Code Ann. § 81A-152 (a) (Ga.L. 1969, pp. 645, 646; 1970, pp. 170, 171). It is noted here that the trial judge, even if the bench trial had been properly held, failed to obey the mandate of Code Ann. § 81A-152 (a), and there was no waiver of this requirement, simply because defendant was not aware of the trial. But the judgment was void, and a remand for this reason is unnecessary.

*Judgment reversed. Bell, C. J., Quillian, P. J., Clark, Stolz, Webb and Marshall, JJ., concur. Deen, P. J., and Smith, J., dissent.*

DEEN, Presiding Judge, dissenting.

1. I do not agree that anything in the Georgia Constitution requires that the issue of amount of damages in cases *ex delicto* which are in default must be tried by a jury. Statutes which provide that jury trial is waived unless demanded are constitutional. And the constitutional right to jury trial may be waived by proceeding to trial without demanding a jury. *Clarke v. Cobb,* 195 Ga. 633 (24 SE2d 782). Code § 2-3907 does not say that default cases *ex delicto* must be tried by jury; it specifies only that cases *other than these shall* be tried by the court without a jury. But the converse, which is that the *ex delicto* default *must* be so tried, cannot be read into the language. As to *ex delicto* actions in default, this constitutional provision puts them in neither category and might as well not exist.

2. Code § 81A-155 is not definitive because it has nothing to say about waiver. It states a general rule that when the action is *ex delicto* the plaintiff *shall* introduce evidence before a jury "with the right of the defendant to introduce evidence as to damages." This language is susceptible of the construction that it applies to cases where a defendant seeks to be heard on the question of damages. *Harrell v. Davis Wagon Co.,* 140 Ga. 127, 128 (78 SE 713), notes that the statute (former Code § 110-401) and the constitutional provision (Code § 2-3907) "merely authorize judgments in the class of cases mentioned to be rendered by the court without the intervention of a jury." Certainly they are not intended to abolish the right to *waive* a jury trial.

3. This leaves only the question of whether, in a court which by statute provides that jury trial is waived if not demanded, a jury need not be demanded in *ex delicto* default cases. In the Civil Court of DeKalb County, where this case originated and where the litigation in *Hudgins v. Pure Oil Co.,* 115 Ga. App. 543 (154 SE2d 768) originated, it was specifically held in that case that the identical statute dealt with here resulted in waiver of jury trial where jury trial was not demanded. Unless there is a constitutional or statutory provision, which I am convinced there is not, forbidding *waiver* of jury trial in an *ex delicto* default, this is a false distinction and should not

be made. Further, it rewards the negligent rather than the diligent. In *Marler v. C & S Bank of Milledgeville,* 139 Ga. App. 851 it was held that a late demand for jury trial was a nullity, and jury trial was waived. A litigant who does in fact file a defense must file his demand for a jury on time or waive it. What logic can give a defendant who suffers his case to go to judgment by default without taking any steps at all the right to a new trial before a jury on the theory that the right to jury trial cannot be waived? This court and the Supreme Court have consistently held to the contrary. "Waiver may be made of the right of trial by jury, and where a party has the right to demand a jury trial and neglects to do so he will be held to have waived the right." *Williams v. Leonard Heating &c. Co.,* 137 Ga. App. 16, 17 (223 SE2d 2) and cit.

4. "Conversion is a tort for which the action of trover is maintainable." *Carithers v. Maddox,* 80 Ga. App. 230 (5) (55 SE2d 775). I therefore respectfully disagree with the statement in the majority opinion relating to *Cherry v. McCutchen,* 68 Ga. App. 682 (23 SE2d 587) seeking to distinguish it on the ground that it is "not strictly an ex delicto action." It is indeed an *ex delicto* action. (89 CJS, 534, Trover and Conversion, § 4, and see Black's Law Dictionary, ex delicto: "In both the civil and the common law, obligations and causes of action are divided into two great classes — those arising ex contractu, . . . and those ex delicto. The latter are such as grow out of or are founded upon a wrong or tort, *e.g.* trespass, trover, replevin.") The holding in *Cherry* is that a defendant who did not demand a jury trial within the time limited could not do so thereafter.

Here the case is in default because of the defendant's negligence. He is not entitled to rights greater than those of one who acted, though tardily.

SMITH, Judge, dissenting.

This is an appeal from the refusal of the trial judge to vacate a judgment. There is no transcript of the proceeding. The record disclosed the appellant and his father were sued on March 18, 1974, in the State Court of DeKalb County, Georgia, in a negligence action involving an automobile collision seeking recovery of damages to

his automobile in the alleged amount of $1,189.80. Both defendants were served. The record does not disclose an answer was filed by either of the defendants. On November 21, 1974, the following judgment was entered: "The case coming on regularly to be heard before the Judge Presiding without the intervention of a Jury, and after hearing evidence, and it appearing that the plaintiff is entitled to recover of the defendants jointly and severally the principal sum of $1,189.80, . . . judgment is hereby rendered in favor of the plaintiff and against" the defendants, etc. The appellant, on March 1, 1976, filed his motion to vacate the judgment on the grounds that Section 55 (a) of the Civil Practice Act (Code Ann. § 81A-155 (a)) requires that in cases of default in actions ex delicto, the issue of damages is required to be submitted to a jury and that the record in the present case on its face shows the statute was not complied with.

1. A jury trial may be waived even though it is guaranteed by the Constitution and an Act establishing a court which requires a demand for a jury trial, otherwise it is waived, is constitutional.

"Even where a mode of affirmative waiver is prescribed, a trial by jury may be waived in civil cases in other ways. 'The clause in the constitution that the right to a jury trial in civil cases may be waived in the manner to be prescribed by law, has not been regarded as precluding courts from holding parties to have waived by their conduct or silence the right to a jury trial, upon general principles of law applicable to the subject, although the case is not provided for by any statute.' Baird v. Mayor, 74 N. Y. 383. The statute touching the city court of Macon treats all parties to civil cases, whether plaintiffs or defendants, as waiving the right unless they demand it. No affirmative act by a party to a pending cause is required to set the trying functions of the court in motion, but an affirmative act is required to put a jury in motion. Under such a system every party is presumed to desire his case tried by the court if he fails to signify that he wishes a jury. Surely this is imposing a very mild condition. It is a reasonable regulation. Garrison v. Hollins, 2 Lea, 684; Lawrence v. Born, 86 Pa. St. 225; Foster v. Morse, 132 Mass. 354; Cooley Const. Lim., 6 ed.

505. Much more onerous terms might be exacted by statute without infringing upon the constitutional sacredness of trial by jury. *Flint River Steamboat Co. v. Foster,* 5 Ga. 194." *Sutton v. Gunn,* 86 Ga. 652, 657 (2(a)) (12 SE 979).

Certainly, if a constitutional requirement of trial by jury may be waived, a statutory requirement of trial by jury may also be waived.

We do not have a case here where no proof of damages was submitted, but only the absence of a jury.

2. The order recites the matter came on "regularly to be heard before the Judge Presiding without a jury." In the absence of something in the record from the court below, disputing that regularity, we must assume that the parties consented to the trial by the judge without a jury. See *Boland v. Barge,* 108 Ga. App. 689, 690 (4) (134 SE2d 463); *Centennial Equities Corp. v. Hollis,* 132 Ga. App. 44, 45 (2) (207 SE2d 573). This last case cited is a full-court case in which Presiding Judge Eberhardt and Judge Clark dissented; however, their dissent was based upon a lack of evidence. The record on its face, therefore, presents no grounds for setting aside the judgment. See *Boland v. Barge,* supra, 691. Anything to the contrary stated in *Pittman v. McKinney,* 135 Ga. App. 192, 193 (4) (217 SE2d 446) must yield to the prior ruling in *Boland v. Barge,* supra, and the full-bench decision in *Centennial Equities Corp. v. Hollis,* supra. The burden is on the appellant to show error. The judgment overruling his motion to set aside or vacate the prior judgment rendered in the case should, in my opinion, be affirmed.

I concur with the dissent of Judge Deen.