### 54317. GREGSON & ASSOCIATES, INC. v. WEBB et al.

WEBB, Judge.

Appellees brought suit in the Civil Court (now State Court) of Fulton County seeking to recover $11,198.29 plus interest on open account. Defendant interposed various defenses and subsequently filed a demand for jury trial on a form prescribed by the clerk of the court. The

clerk marked it "filed late." Defendant also amended its answer to include a jury demand, but the court denied these demands and assigned the case for nonjury trial. Defendant appeals from an adverse judgment rendered by the court without a jury enumerating as error the order denying the demands for jury trial, and contending that CPA §§ 15 and 39 (Code Ann. §§ 81A-115, 81A-139), relating to amendment of pleadings and to trial by jury, control over Ga. L. 1913, pp. 145, 164, § 39, as amended, providing that a defendant who fails to demand a jury trial in the Civil (State) Court of Fulton County on or before the appearance day is deemed to have waived a jury trial.

1. Defendant's contention that § 39 of the local Fulton Court Act is inoperable in these circumstances is correct. Ga. L. 1976, pp. 3023, 3030, § 17; Code Ann. § 24-2107a; *Pittman v. McKinney,* 135 Ga. App. 192 (217 SE2d 446) (1975); *Gooden v. Blanton,* 140 Ga. App. 612, 613 (231 SE2d 541) (1976).

*Stamps Tire Co. v. Hartford Acc. &c. Co.,* 115 Ga. App. 326 (2) (154 SE2d 656) (1967); *Hudgins v. Pure Oil Co.,* 115 Ga. App. 543 (2) (154 SE2d 768) (1967); and *Bowen v. McClelland,* 115 Ga. App. 617 (155 SE2d 660) (1967), giving effect to § 39 of the Fulton Civil Court Act and a similar provision in the DeKalb Court Act, were decided prior to the effective date of the Civil Practice Act and without reference to it. Consequently they are inapposite here. Similarly *Williams v. Leonard Heating &c. Co.,* 137 Ga. App. 16 (223 SE2d 2) (1975), chiefly relied upon here by appellees, did not take CPA § 39 into account. In any event it was followed in *Marler v. C. & S. Bank of Milledgeville,* 139 Ga. App. 851 (229 SE2d 786) (1976), which was in effect reversed by the Supreme Court (239 Ga. 342 (1977)), and those rulings are no longer viable as precedents. The same is true of *Centennial Equities Corp. v. Hollis,* 132 Ga. App. 44, 45 (2) (207 SE2d 573) (1974).

2. Since the action was triable of right by a jury (Code Ann. §§ 2-3307, 2-4401), and defendant did not, as required by CPA § 39, "by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record," consent to trial by the court sitting

without a jury, the court committed reversible error in denying the demands for jury trial. *Redding v. Commonwealth of America,* 143 Ga. App. 215 (1977).

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 20, 1977.

*Albert E. Butler,* for appellant.
*Roger W. Moister, Jr.,* for appellees.